O’NIELL, C. J.
 

 This suit is a sequel of the expropriation suit of Louisiana Highway Commission v. Dunn et al., 173 La. 998, 139 So. 324. In that case the jury of freeholders allowed the highway commission a right of way for a public highway, and condemned the commission to pay to the owners of the land, who are the plaintiffs in the present suit, $500 for the value of the land and $1,325.07 damages for destruction of trees, crops, etc. The district judge gave judgment accordingly, and it was affirmed on appeal.
 

 The present suit is for damages done to the buildings, in moving them from the right of way, before the expropriation suit arose. The work was done under an agreement by which the highway commission was obliged to remove the buildings, as part of the consideration for the right of way. The plaintiffs here claimed that the buildings were damaged to the extent of $7,400, and prayed for a judgment against the highway commission for that amount. The highway commission filed a plea' of res judicata, based upon the judgment rendered in the expropriation suit. The plea being overruled, the highway commission answered, denying the extent of the damage, and pleading that whatever damage was done was done by an independent contractor, the Standard Highway Company, Inc., which company had a contract with the highway commission to construct the road, which included the removal of the buildings from the right of way. The highway commission therefore called the Standard Highway Company, Inc., in warranty, and, in the alternative, prayed for a judgment against the company and in favor of the commission for any such sum as the commission might be condemned to pay to the plaintiffs. The Standard Highway Company, Inc., set up the same pleas and defenses that the highway commission had urged, and the further plea that the work'of removing the buildings was done by a subcontractor, Angel-lo Spedale, who was an independent contractor and not an employee of the Standard Highway Company, Inc. The district judge gave the plaintiffs a judgment against the highway commission for $2,000, and gave the commission a judgment against the Standard Highway Company, Inc., as warrantor, for the same amount. The Standard Highway Company, Inc., has appealed. The plaintiffs, answering the appeal, pray for an increase of the amount of the judgment to $3,900.
 

 The plea of res judicata is not well founded, because the damages which the plaintiffs are claiming in this suit were not included in the damages claimed in the expropriation suit. The judge so instructed the jury, and this, court approved the instruction, and in the judgment which was rendered in the expropriation suit the right was reserved to the defendants, who are the plaintiffs here, to sue for the damages done to the buildings, in moving them, before the expropriation suit was filed.
 

 The plea that the moving of the buildings was done by an independent contractor,
 
 *487
 
 and not by the highway commission or its employees, is not well founded, because the work was done under an agreement between the highway commission and the owners of the property, and hence the damages that were inflicted upon the owners of the property by the negligent way in which the work was done arose ex contractu. The highway commission could not, by making a. contract with a third party, absolve itself of the obligation of its contract to move the buildings carefully and without injuring them.
 

 The appellant has not argued that the amount of the judgment is too great, and the appellees’ contention that the amount is not sufficient is not sustained by the evidence.
 

 The judgment is affirmed.