JANVIER, Judge.
This suit for damages is the aftermath of an expropriation proceeding which was brought by the State of Louisiana, through the Department of Highways (State of Louisiana, through the Department of Highways v. Stewart Realty Co., Inc., of Delaware, No. 346-992, Div. “C”, Civil District Court for the Parish of Orleans), and under which the Department of Highways condemned and took over certain property of Stewart Realty Company, Inc., of Delaware, which was needed in the construction of one of the approaches to the Mississippi River Bridge which was then under construction and which is now in operation. There were several lots of ground involved and on them there were certain improvements. It was necessary to condemn all but a very small portion of the land and improvements and there was a building which extended across the line of the highway right of way, so that a part of that building was on land which was to be taken and part was on land which was to be left to the owner.
The expropriation suit was brought in accordance with the special Highway Expropriation Statute, Act 107 of 1954, LSA-R.S. 48:441 et seq. In the petition of expropriation the Department of Highways made no mention of the fact that a part of the particular building with which we are concerned was on land which was not to be taken. In its answer to the petition for expropriation, Stewart Realty Company, the owners of the property, did not state that it desired to make use of that part of the building which was not on land which was to be taken for highway purposes, though in that answer, which was filed after the occurrence of the events which gave rise to the present suit for damages, it made the following averment: “Defendant denies the allegations of paragraph 12, and specially denies that it is necessary for petitioner to acquire the full ownership of the entire building designated by the Municipal No. 1108 Dryades Street.” The Department of Highways complied with all the requirements of the special statute referred to and had the necessary estimates of value made, and, in accordance with those estimates, depositéd in the registry of the Civil District Court $67,827. That expropriation proceeding was filed on July 6, 1956.
On or about' December 13, 1956, the building with which we are concerned was damaged, or in fact, almost destroyed by *122 fire. The Stewart Realty Company which had owned the property and the entire building' had insured the building and collected from the insurers an amount which was slightly in excess of $4,000.
On January 29, 1957, Stewart Realty Company, Inc., filed answer in which it denied the allegations of the Department of Highways that the entire building in question was needed. Before that answer was filed the Department of Highways, which had employed Boh Bros. Construction Company to do a great deal of the construction work on this and other approaches to the bridge, gave to Boh Bros, a demolition order for the destruction of all of the buildings on the property in question and in that order made no reference to the fact that a part of the particular building with which we are concerned was on land outside of the area needed for the approaches to the bridge.
Boh Bros. Construction Company employed Crescent Demolishing & Lumber Company, Inc., to do certain demolition work and that company completely demolished all of the buildings on the entire property, including the entire building which is involved here.
Stewart Realty Company had apparently decided that after the building had been damaged by fire it would reconstruct that part of it which would remain on its land, and it employed a building contractor to make an estimate of the cost of rebuilding that part of the building. That estimate amounted to $4,024.13. However, before anything could be done to cut off that part of the building from the part which was on the expropriated land, the entire building was demolished and the same contractor then estimated that the cost of reconstructing that part of the building would amount to $1,015 more than would have been the cost had that part of the building not been demolished. . .
It is for that additional cost that this suit is brought by Mrs. Josephine A. Stewart, to whom Stewart Realty Company, Inc., had assigned such claim as might exist for the damage referred to.
It is alleged that in entering upon the property of Stewart Realty Company and in demolishing a part of the building which belonged to Stewart Realty Company, a trespass was committed and that those guilty of trespass should be liable in solido for the damage which resulted. It is alleged that those who were involved in the trespass were the Department of Highways which ordered the demolition, Boh Bros. Construction Company, the general contractors, and Crescent Demolishing & Lumber Company, the subcontractor which had actually demolished the building.
All defendants denied that any trespass had been committed, and the Department of Highways filed a plea of res adjudicata, basing it on the contention that in the expropriation proceeding the entire building had been taken into consideration in fixing the amount of the award and that accordingly the Department of Highways had become the owner of the entire building, not only of that part which was on the highway right of way, but also of that part which extended over the line and which was on property which was not expropriated.
Boh Bros. Construction Company also filed what is known as a Third Party Action and prayed that in the event that it be held liable to plaintiff, it in turn have judgment over against the Department of Highways of the State of Louisiana for any amount for which it might be held liable.
There was judgment dismissing the suit of Mrs. Stewart and necessarily also there was judgment dismissing the Third Party Action- of Boh Bros, against the Department of Highways.
The contention of the Department of Highways and of the other defendants is that the judgment under which the value of the expropriated property was fixed contemplated that in the amount awarded there was included the value of the entire *123 structure in question, since it would be manifestly unfair to a landowner for an expropriating authority which requires land on which a part of a building is located to take the position that it need pay only the proportionate value of that building determined in accordance with how much of the building is on land taken and how much is on land not taken from the landowner.
There is no doubt of the soundness of this argument in most instances. Surely where a situation exists in which the demolition of a part of a building would result in the destruction of or the serious depreciation in the value of an unneeded portion, the expropriating authority could not be heard to say that it should pay only for that part of the building which is on the land which is needed by it. On the other hand, however, there is no principle better established than that an expropriating authority cannot take one inch or one item of property more than is actually needed if the owner of a building which is partially on land which is expropriated desires that the other unneeded portion be cut off and left to him. In such case surely the owner should have the right to insist that this be done and that he be paid the estimated value of that part of the building which is needed and must be demolished and that he should be allowed an additional amount to compensate' him for such damage as may be sustained by that portion of the building which he desires to have left intact. This is evidently contemplated by LSA-R.S. 48:-442 which provides that in such case a statement of the amount of the estimated value of compensation for the property to be taken must be made and of the estimate of the damages as a separate item, and the amount of this estimate deposited in Court. Thus, if Stewart Realty Company before the demolition of the building had indicated its desire to have left to it that part of the building which possibly it could have made use of, even in its fire-damaged condition, it could have insisted that that be done and that the value of that part of the building be not included in the award made to it for property taken by the expropriating authority. It made no such demand and gave no such notice until after the entire building had been demolished. On the .other hand, according to the record which is before us at least one of the real estate experts employed by the Department of Highways concurred in the opinion that the building could have been demolished only to the property line and that what was left outside the property line could have been left to the owners. Although apparently this could have been done, the Department of Highways ordered the demolition of the entire building. Since the Stewart Realty Company did not demand that that portion be left, and since the Department of Highways did not request of Stewart Realty Company instructions as to whether that part should be left, and since the entire building has been demolished, there seems to remain only the question of whether, in the expropriation suit, there was allowed to Stewart Realty Company an amount estimated as representing the value of the entire building, or whether the amount allowed included only the value of the portion of the building which was within the contemplated limits of the highway.
Mr. E. Holland Johnson and Mr. Eugene A. Ashaffenburg, both real estate experts who testified on behalf of the plaintiffs, gave evidence in the expropriation proceeding which indicated that in making their estimates they included the entire building and did not deduct from their estimate an amount to represent the value of that portion of the building which was outside the highway line. On the other hand, Mr. Billy A. Paletou and Mr. Stanley M. Le-marie, real estate experts who testified on behalf of the Stewart Realty Company, gave evidence which indicates that they did not include in their estimates the value of the unneeded portion of the building.
In this situation we have no means of determining accurately whether the Dis *124 trict Judge who fixed the value of the property included in his valuation the entire building or whether he included only the portion within the right of way limits. The District Judge who heard this damage suit concluded that the Judge who rendered the expropriation judgment intended to include the value of the entire building and that on this he based his judgment, holding that, since the Department of Highways had bought the entire building, in demolishing the entire building it had not been guilty of trespass.
Counsel for the defendants in this damage suit offered to call as a witness the Judge who had rendered the judgment in the expropriation suit, stating that if placed on the witness stand that Judge would state that he had included the value of the entire building. The Judge who tried the present damage suit very properly refused to permit counsel to place the other Judge on the witness stand. Obviously to allow such testimony might lead to a most embarrassing situation for if, after reading the entire record, the second Judge should conclude that such an award had not included the value of the entire building, it might be necessary for him to disagree with the other Judge. Such a situation should be avoided. We must take the position that such a judgment speaks for itself and should be interpreted in accordance with the record from which it resulted. Accordingly, we have limited our investigation of the question as to what the Department of Highways obtained and paid for to the record in the expropriation suit and particularly to statements contained in the judgment. Whatever may have been the intention of the District Judge who made the expropriation award, we can interpret his judgment in no other way than as a recognition of the fact that when the Department of Highways demolished the entire building, it damaged the Stewart Realty Company in that it demolished the entire building, a part of which was owned by Stewart Realty Company. Before the demolition the entire building had been damaged by fire. When the expropriation suit was filed, which was prior to the fire damage, the Department of Highways became the owner at once of such property as was needed, subject of course to the ultimate fixing of the value of that property. Thus, when the fire occurred, the Department of Highways was the owner either of the whole building or of that portion which it needed.
The insurers paid the entire amount of the fire loss to Stewart Realty Company. The District Judge took this into consideration and stated that he would divide the insurance payment into two parts and would allow the Stewart Realty Company to retain one-half, obviously as owner of part of the building, and would require Stewart Realty Company to give credit to the Department of Highways for the other half. If the Judge had felt that, as a result of the expropriation proceeding, the Department of Highways had become the owner of the entire building, there would have been only one possible answer to the question of where the insurance money collected should have gone. It should have gone to the Department of Highways. If, on the other hand, Stewart Realty Company had retained the ownership of a portion of the damaged building, then Stewart Realty Company was the owner of its proper proportion of that insurance money. In allowing Stewart Realty Company to retain a part of the money, the District Judge must have recognized the ownership of Stewart Realty Company of a portion of the building. Counsel for defendants say that the District Judge did this merely as a gesture of generosity. We cannot assume that a District Judge was generous with the money of one of the litigants.
Our conclusion is that the judgment must be interpreted as recognizing that Stewart Realty Company retained ownership of a part of the building. It follows that the defendants in demolishing the entire building were technically guilty of trespass and are liable accordingly.
*125 Counsel for defendants say that even if there is liability, plaintiff has not actually proved the damage sustained. We think that the testimony of the building contractor as to the difference between what would have been the cost of repairing the damaged building and what would have been the cost of rebuilding the entire structure has been shown with sufficient accuracy to justify a judgment for that difference which is $1,015.
Boh Bros. Construction Company acted in accordance with orders of the Department of Highways. There was no duty in Boh Bros, to determine whether the Department of Highways had the legal right to demolish the building. Accordingly, in the Third Party proceeding (LSA-R.S. 13:3381 et seq.) there must be judgment in favor of Boh Bros. Construction Company for such amount as they may be held liable for in the principal judgment.
The judgment appealed from is annulled, avoided and reversed and there is now judgment in favor of Mrs. Josephine A. Stewart and solidarily against the Department of Highways of the State of Louisiana, Boh Bros. Construction Company and Crescent Demolishing & Lumber Company, Inc., in the full sum of $1,015, with legal interest from judicial demand, and for all costs. And there is further judgment in favor of Boh Bros. Construction Company against the Department of Highways of the State of Louisiana in the sum of $1,015, with legal interest from judicial demand and for all costs.
Reversed.