125 So.2d 372

Mrs. Josephine A. STEWART

v.

DEPARTMENT OF HIGHWAYS of the State of Louisiana et al.

No. 44772.

Dec. 12, 1960.

Rehearing Denied Jan. 9, 1961.

D. Ross Banister, Baton Rouge, Howard W. Lenfant, Ernest A. Carrere, Jr., New Orleans, for defendants and applicants.

Monroe & Lemann, Walter J. Suthon, III, New Orleans, for plaintiff and respondent.

SANDERS, Justice.

This is a suit in tort for damages resulting from the demolition of a building located at 1108 Dryades Street in the City of New Orleans.

As an aftermath of an expropriation suit by the Department of Highways of the State of Louisiana, the plaintiff, Mrs. Josephine A. Stewart, seeks in this proceeding the sum of $1,015 as damages for trespass in the demolition by the defendant[1] of that portion of the above building extending outside the right-of-way. In answer, the defendant alleged that the property demolished was expropriated by it in Suit No. 346–992 entitled "State of Louisiana, through the Department of Highways v. Stewart Realty Co., Inc., of Delaware" in the Civil District Court for the Parish of Orleans, and filed a plea of res judicata. After trial, there was judgment in the district court dismissing the

---

1. The Department of Highways, its contractors, Boh Bros. Const. Co. and Crescent Demolishing and Lumber Co., are made parties defendant. The Department of Highways has assumed full responsibility for all defendants. For convenience, these defendants will be referred to collectively and in the singular.

suit of the plaintiff. On appeal, the Court of Appeal reversed this judgment and awarded plaintiff the sum of $1,015 as prayed for.[2] Upon application of the defendant, this Court granted a writ of certiorari.

The sole issue presented is whether the portion of the building described in plaintiff's petition was embraced in the order and judgment of expropriation.

It is the contention of plaintiff that the portion of the building here in contest lies outside of the right-of-way and was not heretofore expropriated by the defendant, Department of Highways of the State of Louisiana. While defendant contends that although the portion of the building in contest is outside of the right-of-way, the whole of the building was expropriated in the prior suit; and for that reason its plea of res judicata is well founded and should be sustained.

The property in dispute is described as a one-story auto repair shop of steel and frame, and corrugated metal. This building was located on property bi-sected by the right-of-way line of one of the approaches to the Mississippi River Bridge.

On July 6, 1956, the Department of Highways filed suit for the expropriation of property owned by Stewart Realty Company, Inc., the assignor of plaintiff herein, under the provisions of LSA–R.S. 48:441 et seq. In accordance with law, it deposited $67,827 in the registry of the court, and on July 6, 1956, an order of expropriation was signed by the district judge. On or about December 13, 1956, the building known as 1108 Dryades, which was included in the petition for expropriation, was almost wholly destroyed by fire. Because of this fire loss, Stewart Realty Company, Inc., collected an amount slightly in excess of $4,000 from the insurers. Thereafter, the building was demolished by the Department of Highways at a time when the plaintiff in this proceeding was contemplating reconstruction. On January 29, 1957, Stewart Realty Company, Inc., filed an answer in the expropriation suit in which it denied that the entire building was needed. After hearing, the district judge awarded Stewart Realty Company, Inc., the sum of $70,450. No appeal was taken from the expropriation judgment.

Stewart Realty Company, Inc., assigned the property to the plaintiff herein, Mrs. Josephine A. Stewart, who then brought the present suit for $1,015 damages allegedly suffered from the demolition of that part of the building which extended beyond the right-of-way, and which she asserts was not expropriated in the prior suit. The measure of damages is based upon the difference between the cost of

2.  113 So.2d 120.

reconstruction after the fire and prior to the demolition, and the cost of reconstruction subsequent to the demolition.

In order to determine whether or not the property in dispute was actually expropriated, it becomes necessary to examine the petition, order of expropriation, judgment in the prior suit, and the law applicable thereto.

The petition filed in the expropriation ·suit describes the several lots within the right-of-way, and thereafter it is alleged in paragraph 10:

"The following improvements are situated wholly upon the aforedescribed parcel of ground:

\* \* \* \* \* \*

"1108 Dryades—One story, auto repair shop of steel and frame, and corrugated metal."

It was further alleged in the petition that full ownership of the ground and improvements described was necessary.

In the order of expropriation it was ordered "that the full ownership of the following described property, together with all the improvements thereon, are expropriated and taken for highway purposes". Thence follows an exact description of the property as set forth in the petition.

The answer of defendant, Stewart Realty Company, Inc., "specially denies that it is necessary for petitioner to acquire the full ownership of the entire building designated by the Municipal No. 1108 Dryades Street."

In the judgment it was ordered that the plaintiff therein pay to defendant the sum of $70,450 "for the property expropriated in these proceedings". Although it appears from his written opinion that the district judge prorated the fire insurance proceeds in arriving at the award, the title to no portion of the property was revested in the defendant by the judgment.

An ex parte order of taking is sanctioned in LSA–R.S. 48:444 which states that "the court shall issue an order directing that the amount of the estimate be deposited in the registry of the court and declaring that *the property described in the petition* has been taken for highway purposes at the time of the deposit." (Italics ours.) LSA–R.S. 48:446 requires notice to the defendant that "the property described in the petition has been expropriated for highway purposes." Under the provisions of LSA–R.S. 48:445 title to the property expropriated vests immediately in the Department of Highways upon the deposit of the amount of the estimate in the registry of the court. However, if the court determines after the hearing that any portion of the property

was not taken for a public use, it is authorized to revest title in the defendant. LSA–R.S. 48:460.

Hence, it is clear from a reading of the statute as a whole, as well as from the specific provisions of LSA–R.S. 48:444, that the property expropriated was that described in the petition.

Since the property in dispute in this suit was described in the petition, it was included both in the order of expropriation and in the judgment by the phrase "for the property expropriated in these proceedings". This being true, the plea of res judicata filed by the defendant herein is well founded. LSA–Civil Code, Article 2286.

Plaintiff cites and relies upon the case of Dunn v. Louisiana Highway Commission, 175 La. 484, 143 So. 381, in support of her contention that the plea of res judicata is without merit. A reading of that case makes it abundantly clear that it is distinguishable from the case at bar. In that case there was an express reservation in the judgment of expropriation of the right to sue for damages incurred in the moving of the building from the right-of-way.

For the reasons assigned, the judgment of the Court of Appeal is reversed and the judgment of the district court dismissing plaintiff's suit is reinstated. All costs are to be paid by plaintiff.