## Floyd E. Lapoint and Ora M. Lapoint v. Dumont Construction Company

[258 A.2d 570]

No. 45-68

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed October 7, 1969

*Mikell & Stuart,* Burlington, for plaintiffs.

*Latham & Eastman,* Burlington, for defendant.

**Shangraw, J.** This suit was brought by the plaintiffs, returnable before the Chittenden District Court, alleging a breach of a building contract on the part of the defendant. All allegations contained in the writ were formally denied by the defendant. The case was heard by the court. Findings of fact were made and filed. A Judgment Order followed adjudging the defendant not liable to the plaintiffs. Plaintiffs have appealed to this court for review.

The findings reveal that on or about March 5, 1962, plaintiffs and defendant entered into a written agreement whereby the defendant agreed to construct for the plaintiffs a house on Lot No. 117 Laurel Hill Drive in South Burlington, Vermont. The contract included a provision that all construction was to be equal to or exceed FHA and VA regulations. At the time of the construction VA regulations required the connection of the house sewer line to a public sewer line, if feasible.

In connection with the execution of the contract the defendant obtained from the Town of South Burlington a permit for the construction of the house and obtained from the Town Fire District a permit for the installation of a connector line from the house to the public sewer line owned by the Town Fire District. Plaintiffs paid the fee for the permit.

At the time of the construction of plaintiffs' house, and by reason of procedure and policies adopted by the Town Fire District, all sewer connections, including plaintiffs', were installed by the contractor of the Town Fire District, Arthur J. Rock, Jr., d/b/a Modern Septic Tank Service.

The cost for labor and materials in connection with the installation of the connector sewer line to plaintiffs' house, plus 10% for profit, was billed to the Town Fire District by

the Modern Septic Tank Service and subsequently paid by the defendant.

Beginning in 1963 plaintiffs had difficulty with plumbing backups. At the request of the plaintiffs their sewer line leading to the street was augered by the Modern Septic Tank Service. Further backups continued yearly up to and including 1967. Finally, in 1967 plaintiffs employed the Giroux Septic Tank Service which dug up and reinstalled plaintiffs' sewer line at a cost to the plaintiffs of $582.00.

When the line was dug up in 1967 it appeared to be cracked, and a portion of the sewer line sloped toward the house instead of away from it. The court further found that the adverse slope of the sewer line occurred, or was caused, at the time of its original installation.

The trial court found that at no time did the defendant exercise any control over or supervise in any way the construction of the initial sewer installation. Undoubtedly with this in mind the court concluded its findings by stating that it was "unable to find that any alleged defect in the sewer line was caused or contributed to in any way by any act or neglect of the defendant." In so doing the court overlooked the defendant's contractual obligations.

 In the obligation assumed by a party to a contract is found his duty, and his failure to comply with the duty constitutes a breach. 17 Am.Jur.2d Contracts, section 441. A contract includes not only what is expressly stated therein but also what is necessarily implied from the language used. *Duffy* v. *Woodcrest Builders, Inc.*, 2 Conn.Cir. 137, 196 A.2d. 606.

██ Here, we are concerned with an alleged breach of contract, not negligence on the part of the Modern Septic Tank Service in making the initial connection. The law of negligence has no application in this case. An action for breach of duty arising out of a contract of employment, express or implied, to accomplish a particular result, is based on failure to perform the special arrangement regardless of negligence. *Broyles* v. *Brown Engineering Co.*, 275 Ala. 35, 151 So.2d 767, 770.

██ The uncontradicted testimony of the plaintiff, Floyd E. Lapoint, was that the defendant agreed to provide a home "ready to move into and live . . . Heat, storm windows, lights,

sewage, water." Defendant's contractual commitment to furnish a sewer connector equal to FHA and VA standards was its responsibility. Defendant cannot escape his contractual obligation by asserting that someone else did the work, which under the terms of its building contract was its responsibility. *Dunn* v. *Louisiana Highway Commission*, 175 La. 484, 143 So. 381. The making of the connection in question was an essential part of the building contract.

By its findings the court below determined that plaintiff paid the Modern Septic Tank Service for services occasioned by backups the sum of $17.60, and $16.00 paid to Giroux Septic Tank Service for an examination of the sewer line, together with $582.00 representing the cost of relaying the line.

During the trial plaintiffs also introduced evidence in support of their claim as damage the sum of $25.00 for services cleaning up the sewage backup, damage to rugs of $65.00 and to clothes of $35.00. Also, lawn damage of $25.00, and that of $95.00 for injury to the blacktop driveway was occasioned by the uncovering of the sewer line. No findings were made relating to these items. We consider that there should be a remand on the issue of damages.

*Judgment reversed. Defendant adjudged liable. Cause remanded on the issue of damages.*