Filed 02/03/26

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-03891

| Viktor Lagun et al v. Cheeseman Insurance, Inc. et al |
| --- |

## ENTRY REGARDING MOTION

Title:       Motion to Dismiss (AmGUARD Ins. Co.) (Motion: 1)
Filer:       Brian A. Suslak
Filed Date:   October 17, 2025

Plaintiffs Viktor Lagun and 24 Grant Street LLC have sued their insurance agent, Cheeseman Insurance, Inc., and their insurer, AmGUARD Insurance Company, over coverage for their Burlington property. AmGUARD has moved to dismiss.[1] Plaintiffs oppose.[2] Cheeseman takes no position. Counsel represent all parties. For the reasons that follow, the court GRANTS IN PART and DENIES IN PART AmGUARD's Motion to Dismiss (Mot. 1).

### I. Background

Lagun bought the 24 Grant Street property in 1998 and transferred it to the eponymous LLC Plaintiff in February 2025. The Grant Street property includes a Primary Building and a Secondary Building. Lagun has insured the property through Cheeseman and AmGUARD since 2021. This case principally involves the May 2, 2024 through May 2, 2025 policy period during which a fire in October 2024 damaged the Primary Building. For all policy periods 2021-2025, Cheeseman incorrectly noted and AmGUARD adopted the size of the Primary Building as 1,200 square feet, instead of its actual 5,000 square feet. After the fire, AmGUARD paid Lagun the $621,903 policy limit (plus additional amounts). Lagun believes that policy limit deficient as calculated using (1) an inaccurate square footage and (2) an outdated replacement cost range (dollar-per-square-foot measure).

---

[1] AmGUARD moves to dismiss, asserting (1) the LLC is not Lagun's successor in interest under the policy (Mot. at 4); (2) Count 4 (breach of contract) requires dismissal because AmGUARD had no obligation to ensure adequate coverage (*Id.* at 5-7); (3) Count 5 (breach of implied covenant of good faith and fair dealing) fails because it improperly relies on the same facts as Count 4 (*Id.* at 7-9) and (4) Count 6 (reformation of contract) does not plead sufficient facts supporting reformation (*Id.* at 9-11). AmGUARD's Reply mostly reinforces its assertions in its Motion and does not specifically respond to Plaintiffs' request for leave to file their Second Amended Complaint. (Reply at 1-4).

[2] Plaintiffs respond, saying (1) they agree the LLC is neither policy beneficiary nor Lagun's successor in interest under the policy (Resp. at 3 n.1), (2) Count 4 contains an alternate theory of liability unaddressed by AmGUARD (*Id.* at 5-8), (3) AmGUARD's cited case law does not support its Motion (*Id.* at 8-9), (4) they have properly pleaded Count 5 which should survive the Motion (*Id.* at 10-12) and (5) the allegations show mutual mistake supporting reformation in Count 6 (*Id.* at 12-14). Plaintiffs also seek leave to file a Second Amended Complaint. (*Id.* at 15).

## II. Discussion

### A. Rule 12(b)(6) Legal Standard

Under V.R.Civ.P. 12(b)(6), the court "must assume that the facts pleaded in the complaint are true and make all reasonable inferences in the plaintiff's favor." *Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶ 10, 209 Vt. 514. The court does not accept as true "conclusory allegations or legal conclusions masquerading as factual conclusions." *Vitale v. Bellows Falls Union High Sch.*, 2023 VT 15, ¶ 28, 217 Vt. 611 (quotation omitted). The court considers whether "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Davis v. American Legion, Dept. of Vermont*, 2014 VT 134, ¶ 12, 198 Vt. 204 (quotation omitted). "The purpose of a motion to dismiss is to test the law of the claim, not the facts which support it." *Powers v. Off. of Child Support*, 173 Vt. 390, 395 (2002). As a result, only "where the plaintiff does not allege a legally cognizable claim, [is] dismissal . . . appropriate." *Montague*, 2019 VT 16, ¶ 11.

"The court's attention . . . is to be directed toward determining whether the bare allegations of the complaint constitute a statement of a claim under V.R.C.P. 8(a)." *Levinsky v. Diamond*, 140 Vt. 595, 600 (1982). Rule 8 requires a "short and plain statement of the claim" in "simple, concise, and direct" language with "all pleadings [to] be construed as to do substantial justice." V.R.Civ.P. 8(a), (e), (f). "[T]he threshold a plaintiff must cross in order to meet our notice-pleading standard is exceedingly low." *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575 (citation omitted). Consequently, "[m]otions to dismiss for failure to state a claim are disfavored and should be rarely granted." *Id.* (citation omitted). The court should be "particularly wary of dismissing novel claims because '[t]he legal theory of a case should be explored in the light of facts as developed by the evidence, and, generally, not dismissed before trial because of the mere novelty of the allegations.'" *Montague*, 2019 VT 16, ¶ 11 (citation omitted). The Court does not need to make any findings now. *See id.* ¶ 10.

#### 1. 24 Grant Street LLC Status

The parties agree that the LLC Plaintiff is neither beneficiary nor Lagun's successor in interest under AmGUARD's policy.[3] The court GRANTS that portion of AmGUARD's Motion as agreed among the parties. The rest of today's decision refers only to Lagun as the sole remaining plaintiff against AmGUARD.

#### 2. Count 4 (breach of contract)

"To state a breach of contract claim under Vermont law, Plaintiff must plead (1) the existence of a contract, (2) breach of the contract, and (3) damages." *Mooers v. Middlebury Coll.*, No. 2:20-CV-00144, 2021 WL 4225659, at *5 (D. Vt. Sept. 16, 2021) (Reiss, J.) (citing *Lapoint v. Dumont Constr. Co.*, 128 Vt. 8, 10 (1969)).[4]

---

[3] (AmGUARD's Mot. at 4; Plaintiffs' Resp. at 3 n.1.)

[4] The parties agree on the law applicable to this count. (Mot. at 5; Resp. at 5.)

The parties agree there existed a contract, the insurance policy. They differ on what that policy requires and, as a result, whether AmGUARD breached it.

With some parsing of the Amended Complaint, the court concludes that Lagun alleges two theories to support his case. First, AmGUARD's policy incorrectly used 1,200 as the square footage for the Primary Building, instead of 5,000.[5] Second, AmGUARD used an outdated replacement cost rate.[6] For one or both of those reasons, Lagun believes AmGUARD breached the policy's requirement to insure the Primary Building at Replacement Cost.[7]

AmGUARD does not directly contradict either of Lagun's readings of the policy. Instead, it raises two different challenges. First, it faults Lagun's failure to support his allegations with sufficient evidence.[8] "[T]his fact-specific question cannot be resolved on the pleadings." *Todd v. Exxon Corp.,* 275 F.3d 191, 203 (2d Cir. 2001). Rules 12(b)(6) and 8 do not require what AmGUARD suggests. Those rules require legally sufficient claims adequately pleaded.[9] The court finds Count 4 meets those requirements, surviving dismissal.

Second, AmGUARD recharacterizes Lagun's complaint allegations.[10] Under Rule 12(b)(6), the court must accept Lagun's allegations, drawing all reasonable inferences in his favor.[11] Lagun alleges that AmGUARD committed one or two mistakes of fact when it used incorrect square footage and an outdated replacement cost rate. AmGUARD may ultimately prove correct that "the gravamen" of these allegations effectively asserts that it breached an obligation which it did not have under the policy.[12] For now, the court focuses on whether "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Davis*, 2014 VT 134, ¶ 12. The court concludes Lagun has met that standard.

---

[5] (Am. Compl. ¶¶ 23-25, 37, 41.)

[6] (Am. Compl. ¶¶ 30, 34, 42-45.)

[7] (Am. Compl. ¶ 31.)

[8] (Reply at 2 ("Plaintiffs' First Amended Complaint fails to state how AmGUARD allegedly 'knew or the Primary Building's actual size yet still failed to provide the correct coverage.'"); *id.* ("Plaintiffs' allegations assume the variability in replacement cost range is somehow improper, but fail to state what evidence would support that notion.").)

[9] (*See supra* Section II.A and cited authorities.)

[10] (Mot. at 5 ("The gravamen of Plaintiff's breach of contract claim is that AmGUARD was under some obligation to ensure that Lagun's property was fully insured.").)

[11] (*See supra* Section II.A and cited authorities.)

[12] The court appreciates that "[t]he interpretation of a contract is a question of law unless the meaning of the contract is ambiguous." *Lundeau v. Peerless Ins. Co.*, 170 Vt. 442, 445 (2000). As noted above, Rule 12(b)(6) does authorize the court to test the legal sufficiency of Lagun's claims which the court finds legally sufficient. The rule does not allow the court to dismiss Lagun's claim because of how AmGUARD recharacterizes them.

### 3. Count 5 (breach of implied covenant of good faith and fair dealing)

The parties agree that Lagun may not premise on the same conduct his dual causes of action for breach of contract and breach of implied covenant of good faith and fair dealing. *Tanzer v. MyWebGrocer*, 2018 Vt. 124, ¶ 33.[13] "[W]hether conduct breaches the covenant is a question of fact that depends heavily on the context of the conduct alleged to have breached the covenant." *Id.* (citation omitted).

Lagun alleges that AmGUARD's actions resulted in its breaching both the policy (breach of contract) and his expectation (breach of implied covenant). [14] Lagun identifies at least two AmGUARD actions on which he premises these claims: (1) AmGUARD's use of incorrect square footage for the Primary Building[15] and (2) AmGUARD's use of an outdated replacement cost rate.[16] At this early stage, the court cannot say whether the ultimate factfinder will find one cause of action arose from (1) and the other from (2), or vice-versa. Lagun's allegations suffice to create those possibilities – that each cause of action arose from different AmGUARD conduct. The court finds these allegations suffice for Count 5 to survive dismissal.

### 4. Count 6 (reformation of contract) and Lagun's Motion to Amend Complaint

"Vermont law . . . imposes upon the party seeking reformation the duty of establishing, beyond a reasonable doubt, the true agreement to which the contract in question is to be reformed." *Travelers Ins. Co. v. Bailey*, 124 Vt. 114, 116 (1964) (citation omitted).

> "Reformation is appropriate, when an agreement has been made, or a transaction has been entered into or determined upon, as intended by all the parties interested, but in reducing such agreement or transaction in writing, either [(1)] through the mistake common to both parties, or [(2)] through the mistake of the plaintiff accompanied by the fraudulent knowledge and procurement of the defendant, the written instrument fails to express the real agreement or transaction."

---

[13] (Mot. at 7-8; Resp. at 10-11, Reply at 3.)

[14] (Resp. at 11.)

[15] (Am. Compl. ¶¶ 23-25, 37, 41.)

[16] (Am. Compl. ¶¶ 30, 34, 42-45.) It does not help that Lagun sometimes suggests that Counts 4 and 5 arise from a single AmGUARD action. (Am. Compl. ¶ 75 ("AmGUARD breached its contractual obligations by not updating the Primary Building's coverage limit to accurately reflect the applicable $225-250 per square foot replacement cost range when it issued the 2024 Policy renewal."; *id.* ¶ 84 ("AmGUARD breached its covenant of good faith and fair dealing by failing to update the coverage limit to accurately reflect the applicable $225-250 per square foot replacement cost range when it renewed the Policy in 2024."); Mot. at 8; Reply at 2-3.) Given the charitable reading the court must give to Lagun's allegations, (*see supra* Section II.A and cited authorities), the court finds Lagun's Count 5 survives dismissal.

*LaRock v. Hill*, 131 Vt. 528, 530–31 (1973) (citation omitted).[17]

The outcome of the Motion on Count 6 depends on whether the court grants Lagun's Motion to Amend his Amended Complaint with his proposed Second Amended Complaint. Lagun's Amended Complaint does not make allegations to support either of *LaRock*'s requirements of "mistake common to both parties" or "fraudulent knowledge and procurement of the defendant."[18] Those omissions would appear fatal under Rules 12(b)(6) and 8.

Lagun's proposed Second Amended Complaint adds the allegation that "AmGUARD's miscalculation of replacement cost coverage for the 2024 Policy, which Lagun relied upon when he agreed to the 2024 Policy, constitutes a mutual mistake in contract formation, and the 2024 Policy as written does not reflect the parties' true mutual intent and agreement."[19] That allegation clarifies his intent to proceed under *LaRock*'s option 1 and would appear sufficient under Rule 12(b)(6).

The court grants Lagun's Motion to Amend his Amended Complaint with his proposed Second Amended Complaint. AmGUARD has not opposed this request, consistent with the language and case law under Rule 15. *Hunters, Anglers & Trappers Ass'n of Vermont, Inc. v. Winooski Valley Park Dist.*, 2006 VT 82, ¶ 17 ("'When there is no prejudice to the objecting party, and when the proposed amendment is not obviously frivolous nor made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny the motion.'") (quoting *Bevins v. King*, 143 Vt. 252, 254–55 (1983)). Given the added allegation in Lagun's Second Amended Complaint's paragraph 95, the court finds he has sufficiently pleaded Count 6 to survive dismissal.[20]

---

[17] Helpfully, the parties agree on the law applicable to this claim. (Mot. at 9-910; Resp. at 13-14 (both citing or quoting *Travelers Ins. Co.* and *LaRock*).)

[18] (*E.g.*, Am. Compl. ¶¶ 87-93 (omitting any such allegations).)

[19] (proposed Second Am. Compl. ¶95.)

[20] AmGUARD repeatedly challenges Lagun's proof. (*E.g.*, Mot. at 10 ("Plaintiffs cannot establish that there was a mutual mistake"); Reply at 3 ("Lagun cannot prove that there was any mistake of fact"); *id.* ("Plaintiff's position does not reflect the facts"). Those assertions have no place under Rule 12(b)(6). (*See supra* Section II.A and cited authorities.)

### III. Order

For the reasons set forth above, for AmGUARD's Motion to Dismiss (Mot. 1), the court:

(1) GRANTS AmGUARD's request, now agreed by Lagun and 24 Grant Street LLC, for the dismissal of 24 Grant Street LLC from this case;

(2) DENIES AmGUARD's Motion to Dismiss Counts 4-6; and

(3) GRANTS Lagun's Motion to Amend his complaint with leave to file his Second Amended Complaint.

Electronically signed pursuant to V.R.E.F. 9(d) on February 3, 2026.

Colin Owyang
Superior Court Judge