Filed 03/11/26

VERMONT SUPERIOR COURT       CIVIL DIVISION

Chittenden Unit       Case No. 24-CV-01070

175 Main Street

Burlington VT 05401

802-863-3467

www.vermontjudiciary.org



| **Jamie Comstock v. Wright & Morrissey Inc., et al** |
|---|

## ENTRY REGARDING MOTION

**Title:**       Motion for Summary Judgment; Motion to Allow Sur Reply (Motions: 5; 7)

**Filer:**       Pietro J. Lynn; Kristin C. Wright

**Filed Date:**       January 08, 2026; February 17, 2026

Plaintiff Jamie Comstock fell and injured herself while working at a bank undergoing construction. Defendant Wright & Morrissey, Inc. ("W&M") served as general contractor for the project. Third-party Defendant New England Floor Covering, Inc. ("NEFC") served as flooring subcontractor. W&M has moved for summary judgment against NEFC, seeking judgment that NEFC (1) must indemnify W&M for all of Comstock's claims in this case; (2) must reimburse W&M for all costs incurred in defending this case; and (3) breached its subcontract agreement with W&M. Mot. at 7-8. Counsel represent both parties. For the reasons that follow, the court DENIES W&M's motion for summary judgment (Mot. 5) and GRANTS NEFC's motion to file sur-reply (Mot. 7).

### I. Background

The court focuses on the facts most relevant to the pending motion, resolving all reasonable doubts and inferences in NEFC's favor, as required under Rule 56 as noted below.

The parties agree on the following undisputed facts. Comstock worked at a bank undergoing construction where she injured herself. W&M served as general contractor for the project. NEFC served as W&M's flooring subcontractor. NEFC's subcontract with W&M contained an indemnity provision for "claims, damages, losses, and expenses, including but not limited to attorney's fees, directly or indirectly, arising out of or resulting from performance of the Subcontractor's Work under this Subcontract." Stmts. ¶ 16. *See also* Stmts. ¶¶ 1-3, 5-7, 9-19 (establishing undisputed facts).

Comstock fell after turning her ankle as she walked from a tiled to an untiled floor. The flooring differences lay underneath mats installed by a separate subcontractor, Unifirst, or rugs. Stmts. ¶¶ 6, 8; Opp. at 3. W&M asserts and NEFC does not dispute that NEFC had responsibility for all safety measures related to its subcontracted work. Mot. at 4; Stmts. ¶ 17. W&M has not included in its statement of undisputed facts whether those measures included mats or rugs. NEFC asserts that no evidence shows that NEFC had any involvement with the rug where Comstock fell. Opp. at 2-3; Sur-Rep. at 2-3.

## II. Discussion

"Summary judgment is appropriate only where, accepting the allegations of the nonmoving party as true, there exist no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Demag v. Better Power Equip., Inc.*, 2014 VT 78, ¶ 9, 197 Vt. 176 (quotation omitted); *see* Vt. R. Civ. P. 56(a). "The nonmoving party may survive the motion if it responds with specific facts raising a triable issue, and it is able to demonstrate sufficient evidence to support a prima facie case." *Kelly v. Univ. of Vt. Med. Ctr.*, 2022 VT 26, ¶ 15, 216 Vt. 445 (quotation omitted). Courts "resolve all reasonable doubts and inferences . . . in favor of the nonmoving party," *id.* (citation omitted), and will deny the motion where the nonmoving party offers "specific facts that would justify submitting [its] claims to a factfinder." *Robertson v. Mylan Labs., Inc.*, 2004 VT 15, ¶ 15, 176 Vt. 356 (citation omitted).

### A. Indemnification and Reimbursement

W&M's entitlement to indemnification and reimbursement depends on whether Comstock's claims in this case "aris[e] out of or result[] from performance of the Subcontractor's Work under this Subcontract." Stmt. ¶ 16. NEFC asserts that they do not, citing no evidence pointing to its responsibility for the rug that allegedly led to Comstock's injury or the mats which Comstock says Unifirst installed (as W&M acknowledges). Opp. at 2-3; Sur-Rep. at 2-3; NEFC Stmt. ¶¶ 4, 8; W&M Stmt. ¶¶ 6, 8. W&M asserts that NEFC had responsibility for all safety measures related to the work under its flooring subcontract. Mot. at 4, ¶ 17. In other words, the parties genuinely dispute a material fact relating to NEFC's indemnification obligation to W&M – whether the mat or rug involved in Comstock's injury "ar[o]s[e] our of or result[ed] from performance of [NEFC's] Work under this Subcontract." Stmts. ¶ 16. V.R.C.P. 56 makes clear W&M has not earned summary judgment for this claim.

### B. Breach of Contract

"To state a breach of contract claim under Vermont law, Plaintiff must plead (1) the existence of a contract, (2) breach of the contract, and (3) damages." *Mooers v. Middlebury Coll.*, No. 2:20-CV-00144, 2021 WL 4225659, at *5 (D. Vt. Sept. 16, 2021) (Reiss, J.) (citing *Lapoint v. Dumont Constr. Co.*, 128 Vt. 8, 10 (1969)). W&M alleged in its amended complaint that NEFC breached its subcontract, causing financial harm to W&M. Am. Compl. ¶¶ 25-26. W&M provides no comparable evidence to support its motion.

W&M did not argue in its motion that NEFC breached any obligations. *See generally* Mot. at 6-7 (omitting argument). It included only one sentence in its reply without evidence. Rep. at 6 ("NEFC is in breach of contract for failing to comply with these obligations."). It offered no argument or evidence regarding damages resulting from any arguable breach. W&M has not met its burden to support summary judgment on this claim.

### III. Order

For the reasons set forth above, the court DENIES W&M's motion for summary judgement (Mot. 5).

The court has considered NEFC's sur-reply in reaching today's decision. It GRANTS NEFC's unopposed motion to file sur-reply (Mot. 7).

Electronically signed pursuant to V.R.E.F. 9(d) on March 9, 2026.

Colin Owyang
Superior Court Judge