951 F.2d 359
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Christine FRANKLYN, Plaintiff-Appellant,
v.
VISTA DEL MAR and Community and Social Agency Employees
Union, Local 800, AFSCME, AFL-CIO, Defendants-Appellees.
 No. 90-55483.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 26, 1991.*
Decided Dec. 13, 1991.
 
 Before HUG, POOLE and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Christine Franklyn appeals pro se the district court's judgment in favor of the defendants in this action against her employer for violation of the Fair Labor Standards Act ("FLSA") and against her union for breach of its duty of fair representation. Franklyn contends that (1) Vista Del Mar failed to comply with the overtime provisions of the FLSA; (2) a narrative report prepared by the U.S. Department of Labor ("DOL") should have been admitted at trial; and (3) the district court erred in granting summary judgment in favor of the union. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse and remand in part.
 
 
 3
 * From August 1986 until February 1988, Franklyn was employed by Vista Del Mar ("Vista") as a child care counselor pursuant to the terms of a collective bargaining agreement. In her complaint, Franklyn alleged that Vista violated the FLSA by failing to pay her time-and-a-half for hours worked in excess of forty per week. At trial, Franklyn sought to introduce a narrative report prepared by the DOL in connection with its investigation of Vista's method of calculating overtime compensation. The district court ruled that this narrative report was inadmissible hearsay because it contained the opinion of the drafter regarding whether Vista's method of payment complied with the FLSA. The jury found in favor of Vista.
 
 
 4
 Franklyn contends that (1) the district court erred by excluding the DOL narrative report, and (2) without this evidence, she was unable to prove her case to the jury. These contentions have merit.
 
 
 5
 We review the district court's evidentiary rulings for an abuse of discretion. In re Aircrash in Bali, 871 F.2d 812, 816 (9th Cir.), cert. denied, 493 U.S. 917 (1989). " 'Even if there is error, reversal is appropriate only if we can say that the error affected the substantial rights of the parties.' " Id. (quotation omitted); see also Brown v. Sierra Nevada Memorial Miners Hosp., 849 F.2d 1186, 1190 (9th Cir.1988) ("to reverse on the basis of an evidentiary error, 'we must say that more probably than not, the error tainted' the judgment") (quotation omitted).
 
 
 6
 Here, the district court abused its discretion by excluding the DOL narrative report on the ground that, because it contained an opinion, it was inadmissible hearsay. Fed.R.Evid. 803(8)(C) creates an exception to the hearsay rule for:
 
 
 7
 records, reports, statements, or data compilations, ... of public offices or agencies, setting forth ... factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.
 
 
 8
 "[F]actually based conclusions or opinions are not on that account excluded from the scope of Rule 803(8)(C)." Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 162 (1988). "[N]either the language of the Rule nor the intent of its framers calls for a distinction between 'fact' and 'opinion[.]' " Id. at 168; see also Jenkins v. Whittaker Corp., 785 F.2d 720, 726 (9th Cir.) ("[c]onclusions and opinions do not render reports ipso facto inadmissible"), cert. denied, 479 U.S. 918 (1986). Accordingly, the DOL narrative report was not inadmissible merely because it contained a factually based conclusion or opinion regarding Vista's compliance with the FLSA.[1]
 
 
 9
 Moreover, Vista made no showing that the DOL report was untrustworthy or unduly prejudicial. Indeed, such reports generally are trustworthy because they are "prepared by professional investigators on behalf of an impartial agency." Plummer v. Western Int'l Hotels Co., 656 F.2d 502, 505 (9th Cir.1981); see also Keith v. Volpe, 858 F.2d 467, 481 (9th Cir.1988) (under Rule 803(8)(C) "the presumption is one of trustworthiness, with the burden of establishing untrustworthiness on the opponent of the evidence"), cert. denied, 493 U.S. 813 (1989).
 
 
 10
 Nevertheless, an erroneous evidentiary ruling is a ground for reversal only if it is more probable than not that the error affected the judgment. See Brown, 849 F.2d at 1190. Here, Franklyn proceeded pro se at trial, and the issue of how Vista calculated overtime compensation was complicated. Moreover, Franklyn's case was heavily dependent on the DOL narrative report and, as she argues on appeal, without this report her "presentation to the jury was not convincing enough to win the case." Under these circumstances, we conclude that it is more probable than not that the exclusion of the DOL report affected the judgment. Accordingly, we reverse the district court's judgment in favor of Vista and remand the case for further proceedings.
 
 II
 
 11
 Franklyn also contends that the district court erred by granting summary judgment in favor of her union, Community and Social Agency Employees Union, Local 800. This contention is meritless.
 
 
 12
 The district court granted summary judgment in an unpublished order entered on February 22, 1990. We affirm the judgment in favor of the union based on the analysis set forth in the district court's thorough and well-reasoned order.
 
 
 13
 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Franklyn's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court also ruled that the report was not relevant because it was "somebody else's opinion." The fact that the report contained an opinion did not alter its relevancy to the issue of whether Vista's method of payment complied with the FLSA. As a general rule, administrative reports and findings are relevant and admissible. See, e.g., Chandler v. Roudebush, 425 U.S. 840, 863 n. 39 (1976); see also Brown, 849 F.2d at 1190 (the conclusions of an investigation conducted by a third party are "clearly relevant" in a lawsuit challenging the same conduct that was the subject of the investigation)