Cheney v. New England Newspapers, Inc., No. 509-10-12 Wmcv (Wesley, J. Feb. 26, 2014) (Motion in Limine).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Windham Unit** | **Docket No. 509-10-12 Wmcv** |

| | |
|---|---|
| **Christine Cheney,** **Plaintiff.** **v.** **New England Newspapers, Inc.** **Defendants.** | |

### Opinion and Orders
### Granting in Part and Denying in Part Plaintiff's Motion in Limine &
### Granting Plaintiff's Motion to Amend Complaint

Four motions await decision by the Court. The Court concurrently issues a separate order in response to the cross-motions for summary judgment. In this order, the Court considers Plaintiff's motion in limine and Plaintiff's motion to amend complaint. As explained below, the Court will allow admission of the challenged Department of Labor report subject to redactions of Plaintiff's testimony and a limiting instruction. At trial, the Court may require additional authentication of the report. The Court also grants Plaintiff's motion to amend complaint.

   I.   *Admissibility of the Department of Labor Report under V.R.E. 803(8)(A)*

Plaintiff, a former employee, seeks recovery for an alleged violation of the Federal Family and Medical Leave Act and the Vermont Parental and Family Leave Act. Plaintiff alleges she took medical leave and Defendant did not offer her an equivalent position when she returned. Plaintiff believes the offered position was not equivalent because it involved more travel during the work day. To support her claim, Plaintiff offers a report prepared by the U.S. Department of Labor.

In 2011, the Department of Labor investigated Plaintiff's claims. Plaintiff claimed her position was not equivalent because she would receive lower commissions, have less seniority, and have to travel more during the work day. The investigator spoke with Plaintiff and Edward Woods, a representative of Defendant. The report describes what Plaintiff and Defendant said. The investigator rejected Plaintiff's claims that she would receive fewer commissions and have less seniority; however, the report found the increase in travel changed her job. The report recommended Defendant pay Plaintiff $13,869.62 in back wages, which Defendant refused.

The official status of the report within the Department of Labor is unclear. First, neither the report, nor any ancillary foundational document, indicates how the matter resolved with Department of Labor, or whether the report was final. Second, the name of the investigator is redacted; although, Plaintiff asserts both parties know the name of the investigator. The report is not on letterhead and is unsupported by other evidence that it is official.

The evidentiary issue raised by the motion in limine is whether the Court may admit the report under V.R.E. 803(8). Plaintiff seeks admission of the entire report. Defendant raises several objections to the report.[1] Defendant objects to Plaintiff's statements within the report as hearsay, arguing that the exception under V.R.E. 803(8) does not encompass legal conclusions. Defendant further contests the report as untrustworthy because the report is anonymous, the investigator did not hold a hearing, and the investigator did not list the investigator's qualifications.

Under V.R.E. 803(8)(A), "records, reports, statements, or data compilations[,] or factual findings resulting from an investigation made pursuant to authority granted by law," are not hearsay. Vermont's 803(8) follows the uniform rule. *See* V.R.E. 803, Reporter's Notes—1985 Amendment. The federal rule is similar. *See* F.R.E. 803(8). The parties rely heavily on three cases to interpret the rule.

The U.S. Supreme Court examined the scope of F.R.E. 803(8) in *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153 (1988). In *Beech*, the plaintiff sued an aircraft manufacturer for the death of his wife in a navy airplane crash. *Id.* at 156. The trial focused on whether the crash was caused by equipment malfunction or pilot error. *Id.* at 157. Defendant offered a report by the Navy's Judge Advocate General that included findings of fact and suggested the crash was probably caused by pilot error. *Id.* at 157–58. Analyzing the report's admissibility under F.R.E. 803(8), the Court noted the circuits had split on how broadly to allow opinions within reports. *Id.* at 162. The Court held "factually based conclusions or opinions are not on that account excluded from the scope of Rule 803(8)(C)", overruling the 9th Cituit opinion that the District Court erred in admitting the Judge Advocate General's findings. *Id.* In determining whether to admit a specific set of opinions, courts should look to the trustworthiness of the report. *Id.* at 167–68. To evaluate trustworthiness, courts may consider: "(1) the timeliness of the investigation; (2) the investigator's skill or experience; (3) whether a hearing was held; and (4) possible bias when reports are prepared with a view to possible litigation." *Id.* at 167, fn. 11.

The Vermont Supreme Court examined the scope of V.R.E.803(8) when considering the admissibility of a record based on a governmental inquiry in a products liability trial. *See Needham v. Coordinated Appeal Grp.*, 174 Vt. 263, 265 (2002). In *Needham*, the plaintiff sued a clothing manufacturer because her shirt caught on fire. *Id.* at 266. The plaintiff offered a transcript of a Congressional subcommittee hearing about the Flammable Fabrics Act. *Id.* at 269. The transcript included testimony by witnesses. *Id.* at 269–70. The trial court admitted the transcript under V.R.E. 803(8). *See id.* at 272–73. The trial judge also noted his conclusion that the plaintiff was not offering all of the testimony for its truth, but rather to demonstrate the pressures faced by politicians at the time. *Id.* at 273. The Vermont Supreme Court reversed. The Supreme Court found that, while the transcript itself was generally admissible under 803(8), the testimony of the witnesses contained within the transcript should have been excluded as "double hearsay". *Id.* at 274–75. The Supreme Court also rejected the trial court's characterization of the testimony as not being offered for the truth of the matters asserted, despite the trial judge's belief that it was admissible to show the political pressures. *Id.* at 275–76.

---

[1] Among other objections, Defendant raises a claim about the Plaintiff's duty to mitigate. However, Defendant establishes no authority making the duty mitigate relevant to the admissibility of the Department of Labor report.

Finally, a Ninth Circuit decision directly addressed the potential use of a Department of Labor report in a suit over the Family Medical Leave Act. *See Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 776–77 (9th Cir. 2010). The suit focused on whether the plaintiff's new employer was a successor in interest to her old employer. *Id.* at 774. The report, which plaintiff offered under F.R.E. 803(8), offered an opinion that the employee was a successor in interest. *See id.* at 776–77. The Ninth Circuit acknowledged *Beech* allowed admission of opinions of fact, but concluded that the ruling did not examine opinions of law. *Id.* at 777. The Ninth Circuit held pure legal conclusions are not admissible under F.R.E. 803(8). *Id.* The Ninth Circuit also upheld the district court's exclusion of the report as untrustworthy, because the author is unidentified and the report did not appear to be a final draft. *Id.* at 778.

In this case, relying on *Needham,* Defendant argues the testimony of Plaintiff contained within must be excluded as double hearsay. *See* 174 Vt. at 274–75. Plaintiff counters she offers her testimony not for its truth, but for context of the report. The investigator rejected many of Plaintiff's statements, including her assertions that she would receive fewer commissioners and had less seniority.

While as further discussed below, parts of the report may be admissible under Rule 803(8), such admission must be subject to the redaction of Plaintiff's testimony contained in the report. Notwithstanding Plaintiff's assertion of the need for "context", plainly her testimony is an out-of-court statement offered for its truth, and Plaintiff specifies no other permissible purpose to which it might be relevant. *See id.*; *see also.* V.R.E. 801(c), Reporter's Notes. Plaintiff's argument is analogous to the trial court's reasoning rejected by the majority in *Needham* that the witnesses' testimony showed political pressures rather than the truth of the statements. *See id.* at 275–76.

Next, Defendant argues the Court should exclude the report because the report contains legal conclusions. Defendant's argument relies on Ninth Circuit's analysis in *Sullivan*. *See* 623 F.3d at 777. This Court does not find the analysis in *Sullivan* persuasive in the present circumstances. The U.S. Supreme Court allows for opinions of fact. *See Beech*, 488 U.S. at 162. The U.S. Supreme Court did not decide the admissibility of legal conclusions and Vermont has not addressed the issue. Yet, any agency that investigates a violation of a statute or regulation is bound to conduct a legal analysis, and the final determination of the agency is likely to be a mixed question of fact of law. As discussed in the Court's decision on the cross-motions for summary judgment, issued contemporaneously, the question of whether Defendant changed Plaintiff's job requires a jury determination. While Defendant may be entitled to a cautionary instruction that the investigator's conclusions are neither conclusive nor binding, they are nonetheless competent evidence under the exception created by V.R.E.803(8) which the jury is entitled to consider in making its own determination.

Even though it might otherwise meet the test for the Rule 803(8) exception from hearsay, Defendant assails the document as untrustworthy. In part, Defendant characterizes the report as untrustworthy because it disagrees with the factual and legal conclusions of the investigator. Yet, these issues go to the heart of the case. Disputing the facts of the report is not sufficient to render the report inadmissible. Rather, the Court turns to the factors listed in *Beech* for guidance in

conducting a trustworthiness analysis. *See* 488 U.S. at 167, fn. 11. The report is dated 8/11/11 and the alleged violation of the FMLA occurred on 3/17/11. Those factors are informed by the following facts. Plaintiff first contacted the investigator on 6/8/11. The investigation occurred a few months after the events, which is timely. The investigator does not describe the investigator's skills and experience. No hearing was held. The investigator has no apparent bias although the investigator must have known the case could head toward litigation.

Defendant also draws from the trustworthiness analysis in *Sullivan*. *See* 623 F.3d at 778. Defendant claims the investigator is anonymous, but a deposition of Mr. Wood indicates the parties knew his name. Defendant claims the report is missing its exhibits and is therefore incomplete. The report references a few outside sources, mostly employment records, but none of these are crucial to the report. Finally it is unclear if the report is a final version. As in *Sullivan*, the report recommends a course of action but does not include a disposition.

Focusing on the timeliness of the investigation, and the presumption that government reports are trustworthy, the Court rejects Defendant's untrustworthiness argument. *See Beech*, 488 U.S. at 167. Even the Ninth Circuit holds Department of Labor reports are generally trustworthy and should be admitted absent a showing otherwise. *See Franklyn v. Vista Del Mar*, 951 F.2d 359 (Table), 1991 WL 268927, *2 (9th Cir. 1991). Defendant's attacks against the reliability of the report may properly be raised at trial as to the weight the jury should give its findings and conclusions, but the Court concludes, except as noted below, that the report is sufficiently trustworthy so as to likely be admissible. *See Beech*, 488 U.S. at 168.

As previously noted, some question remains as to the status of the report as an official document of the Department of Labor. In ruling on Defendant's motion in limine, the Court has not considered those uncertainties in its trustworthiness analysis. Rather, they are properly addressed as a matter of authentication at the time of trial. See, V.R.E. 901, 902. Assuming Plaintiff authenticates the report, other issues with respect to its trustworthiness will be left to the jury. Of course, absent proper authentication, the report will be excluded

## II.        *Motion to Amend Complaint to Include Edward Woods as a Defendant*

Plaintiff also seeks to amend her complaint to include Edward Woods, her supervisor, as a Defendant. According to Plaintiff, a supervisor who acts on behalf of an employer to deprive an employee of the employee's rights under the FMLA may be liable to the employee. *See* 29 U.S.C. § 2611(4)(A)(ii)(I). Plaintiff alleges Mr. Woods deprived her of her rights by threatening to return her old job and then move her to a different job minutes later. The alleged violation occurred on March 17, 2011. Plaintiff claims to have been unable to discover grounds for amending her complaint until recently because Mr. Woods described different versions of events through this litigation.

Defendant opposes the motion to amend the complaint. Defendant argues the Court should not allow amendment because Plaintiff had the information all along, the motion is made in bad faith, the proposed amendment is futile, and Defendant would be prejudiced. Specifically, Plaintiff observes Defendant knew of Mr. Woods's conduct on March 17, 2011 and did not file this amendment until years after the events. Second, Defendant believes Plaintiff seeks to add

4

Mr. Woods as an intimidation tactic for Defendant's defense of this case. Third, there is a split on whether the FMLA applies to supervisors and Mr. Woods was not Plaintiff's direct supervisor. Fourth, Mr. Woods would have no right to conduct discovery.

After twenty days pass from the date of service, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." V.R.C.P. 15(a). The trial court has discretion in allowing amendment of a complaint. *Shahi v. Madden*, 2008 VT 25, ¶ 6, 183 Vt. 320. Courts allow amendment where there is no prejudice and the amendment is not obviously frivolous, made in bad faith, or made to cause delay. *See id.* ¶ 7; *Bevins v. King*, 143 Vt. 252, 254–55 (1983).

Despite the delay, the Court will allow Plaintiff to amend her complaint to add Mr. Woods as a defendant. Mr. Woods and his employer have had knowledge of these events and the suit for some time. The motion is not made on the eve of trial, though this case is over a year old. The amendment is not obviously frivolous. Mr. Woods performed some supervisory functions over Plaintiff, even if he did not formally assign her jobs and Defendant represent there is a split among other jurisdictions on whether supervisors are covered. Defendant makes a valid point that Plaintiff has had this information since March of 2011 and did not move to add Mr. Woods as a defendant until November of 2013. Nevertheless, there is no evidence of bad faith, little prejudice to Defendant, and the claim may have merit. *See Shahi*, 2008 VT 25, ¶ 6; *Bevins*, 143 Vt. at 254–55. Therefore, the Court grants Plaintiff's motion to amend her complaint. *See* V.R.C.P. 15(a).

## Order

The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion in limine. The Court will admit the report, if Plaintiff can satisfy foundational requirements, but will redact Plaintiff's testimony within the report. The Court **GRANTS** Plaintiff's motion to amend complaint.

Dated and signed electronically at Newfane, Vermont on February 26, 2014.

John P. Wesley
Superior Court Judge

5