### Lloyd M. Bevins and Gyneth Bevins v. Harrison King and Madeline King

[465 A.2d 282]

No. 82-209

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed July 26, 1983

*Brown, Cahill & Gawne,* Enosburg Falls, for Plaintiffs-Appellees.

*Douglas DeVries,* Enosburg Falls, and *Michael Rose* (On the Brief), St. Albans, for Defendants-Appellants.

Gibson, J. In June of 1980 plaintiffs brought an action seeking damages for breach of contract and misrepresentations in connection with their purchase of a gasoline station and related personal property from defendants in October, 1975. Two weeks prior to trial, plaintiffs filed a memorandum setting forth their reliance on Article 2 of the Uniform Commercial Code (U.C.C.). Two days later, at a pretrial conference, the court issued an order indicating, among other things, that all motions were complete.

On the day of trial, defendants filed a motion to amend their answer, alleging as an affirmative defense the four-year statute of limitations set forth in Article 2 of the U.C.C., 9A V.S.A. § 2—725. Concurrently, they also filed a motion to dismiss Counts I, II, III and V of plaintiffs' complaint on the basis of the statute of limitations. Plaintiffs objected to the motions. After considering counsel's arguments, and with a jury already drawn and waiting, the court "reluctantly" denied defendants' motions and proceeded to trial. The jury subsequently returned a verdict for the plaintiffs.

On appeal, defendants allege as error below (1) that the trial court abused its discretion in denying defendants' motion to amend, (2) that the statute of limitations bars those portions of plaintiffs' complaint that relate to the sale of personal property, and (3) that the trial court erred by failing to instruct the jury on the law of waiver of warranties. We agree with defendants on the first issue and accordingly reverse and remand for a new trial.

■■ Both the Vermont rules of civil procedure and the common law tradition of this state encourage liberality in allowing amendments to pleadings where there is no prejudice to the other party. *Tracy* v. *Vinton Motors, Inc.*, 130 Vt. 512, 296 A.2d 269 (1972); V.R.C.P. 15. When permission of the court to amend a pleading is required, it "shall be freely given when justice so requires." V.R.C.P. 15(a). Such a motion is addressed to the discretion of the trial court, and its action thereon is not reviewable, unless it appears that the court withheld or abused its discretion. *In re Lunde Construction Co.*, 139 Vt. 376, 428 A.2d 1140 (1981); *John* v. *Fernandez*, 124 Vt. 346, 205 A.2d 552 (1964). When there is no prejudice to the objecting party, and when the proposed amendment is

not obviously frivolous nor made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny the motion. See *Foman* v. *Davis,* 371 U.S. 178, 182 (1962) ; *Hurn* v. *Retirement Fund Trust of the Plumbing, Heating & Piping Industry,* 648 F.2d 1252 (9th Cir. 1981).

The principal reasons underlying the liberal amendment policy are (1) to provide maximum opportunity for each claim to be decided on its merits rather than on a procedural technicality, (2) to give notice of the nature of the claim or defense, and (3) to enable a party to assert matters that were overlooked or unknown to him at an earlier stage in the proceedings. 6 C. Wright & A. Miller, Federal Practice & Procedure §§ 1471, 1473 (1971). The rules go so far as to permit amendments during trial and after judgment, provided the opposing party is unable to show prejudice. V.R.C.P. 15(b) ; see *Battenkill Construction Co.* v. *Haig's, Inc.,* 133 Vt. 503, 346 A.2d 213 (1975).

In this case, defendants first became aware that plaintiffs were relying on Article 2 of the U.C.C. as the legal basis for Counts I, II, III and V of their complaint when plaintiffs filed their memorandum two weeks prior to trial. Until then, defendants had considered the personalty to be only incidental to the sale of the real estate and thus the entire action subject to the longer statute of limitations applicable to the sale of real property.

In objecting to defendants' motion to amend, plaintiffs claimed surprise and asked for a continuance so they could re-fashion their pleadings to allege fraud, an action subject to a six-year statute of limitations. 12 V.S.A. § 511. No other grounds for prejudice were cited by plaintiffs. The trial court indicated that if it allowed the amendment it would also grant plaintiffs' request for a continuance. Since plaintiffs' attorney voiced no other concern with respect to the proposed amendment, it is clear on this record that, had the amendment been allowed, together with a continuance, there would have been no prejudice to plaintiffs.

In addition to the possible prejudice and delay that would have resulted from a continuance, the court, quite properly, was also concerned about maintaining the integrity of the pretrial order, which stated that all motions were com-

plete. V.R.C.P. 16 provides that a pretrial order "controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice." Here, the pretrial order was issued two days after plaintiffs submitted their memorandum citing reliance on the U.C.C. The memorandum proved to be a surprise to the defendants, raising a new issue they had not thought to be a part of the case. Since this issue was injected into the case just before trial, there was no deliberate delay on the part of the defendants in responding to plaintiffs' memorandum. Nor was the motion a frivolous one, since the four-year U.C.C. statute of limitations, if applicable, would eliminate a large part of plaintiffs' case. Thus, although the timing of defendants' motion to amend is questionable, it cannot be condemned as a dilatory tactic made in bad faith or as a frivolous motion, and the integrity of the judicial process would not have been impaired had the trial court allowed defendants to amend their pleadings to meet a late issue raised by the plaintiffs.

Nonetheless, the practice of filing motions to amend pleadings on the day of trial is clearly to be avoided. In many cases, the nonmoving party will be prejudiced by such action and a continuance will often be unwarranted. In the instant case, the trial court was justifiably concerned about the fact that a jury had already been picked and was waiting. In addition to the substantial cost of the jury, as well as the loss of one day of court time, the excusing of a jury to a later date does not enhance the image of the judiciary. Thus, last-minute motions are not to be encouraged. Although V.R.C.P. 15 is itself silent on the point, federal courts have long recognized that a court's discretion in ruling on a proposed amendment includes the power to grant it subject to terms. See Reporter's Notes to V.R.C.P. 15. If warranted, a court may assess reasonable costs or impose other requirements against a moving party as a condition to the granting of its motion; had such an approach been taken in this case, most, if not all, of the trial court's concerns could have been met.

Inasmuch as plaintiffs, as objecting parties, failed to demonstrate prejudice and since defendants' proposed amendment was neither frivolous nor made as a dilatory maneuver in bad

faith, it was an abuse of discretion for the trial court to deny it.

We do not reach the other claims of error by virtue of the disposition herein.

*Reversed and remanded for new trial.*