## The First National Bank of Boston v. Norman Silberdick

[499 A.2d 775]

No. 83-325

Present: **Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed August 9, 1985

*Harry A. Black* and *Gary R. Wieland* of *Black, Black & Shreve*, White River Junction, for Plaintiff-Appellee.

*Douglas Richards* and *Robert P. Gerety, Jr.*, of *Plante, Richards, Terino & Hanley, P.C.*, White River Junction, for Defendant-Appellant.

**Gibson, J.** Defendant appeals a judgment against him, after trial by court, in a suit to recover money under an unconditional guarantee. He contends that the court erred in rejecting his post-trial motion to amend the pleadings to conform to the evidence and to add an affirmative defense of estoppel. We affirm.

Defendant is a business consultant, whose profession it is to work out loans and financial arrangements for small, start-up, and troubled companies. His knowledge of financing is better than average. In order to induce plaintiff to extend credit to a privately held corporation of which he was a shareholder, vice president and consultant, defendant personally executed an unconditional guarantee, believing at the time that there was adequate collateral for the loan and that he was not personally at risk.

Eventually, the corporation defaulted on the loan and plaintiff brought suit against defendant on his guarantee. Defendant filed a formal answer to plaintiff's complaint but failed to include the affirmative defense of estoppel. During the ensuing sixteen months, no affirmative defense of estoppel was presented, although the court granted defendant's request to raise other defenses.

In a deposition taken three days before trial, defendant for the first time stated that Patrick Colt, president and major shareholder of the corporation as well as a co-guarantor on the note, had telephoned plaintiff's loan officer and secured a promise that neither Colt nor defendant would be pursued on their guarantees. At trial, when defendant began to discuss the telephone conversation, plaintiff objected on hearsay grounds. After the court admit-

ted the testimony, defendant stated that, because of what Colt had told him about the conversation with the loan officer, defendant made no effort to limit his personal liability under the terms of the guarantee.

Plaintiff moved to strike defendant's testimony regarding reliance and injury, arguing that defendant was making "some claim of estoppel" although there had been no such pleading. The court denied the motion but allowed plaintiff a continuing objection.

At the close of the evidence, defendant moved to amend his pleadings to include the affirmative defense of estoppel, citing *Brower* v. *Holmes Transportation, Inc.*, 140 Vt. 114, 435 A.2d 952 (1981). Plaintiff again objected, contending it had not known until that morning about defendant's claim of estoppel and therefore was not prepared to meet evidence of the same without a continuance. The court took defendant's motion to amend under advisement and subsequently denied it. We affirm that decision.

The attempted amendment came too late. This is neither a case in which the parties allowed an unpleaded issue to be tried without objection, e.g., *My Sister's Place* v. *City of Burlington*, 139 Vt. 602, 608, 433 A.2d 275, 279 (1981), nor a case in which plaintiff, in objecting to the proposed amendment, did not demonstrate prejudice. *Bevins* v. *King*, 143 Vt. 252, 255, 465 A.2d 282, 284 (1983); *Battenkill Construction Co.* v. *Haig's, Inc.*, 133 Vt. 503, 506, 346 A.2d 213, 215 (1975); *Deakyne* v. *Commissioner of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969) ("Prejudice under the rule means undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party.").

A motion to amend is addressed to the sound discretion of the trial court. *Bevins, supra*, 143 Vt. at 254, 465 A.2d at 283. The factual circumstances in this case contrast with those of *Bevins*, in which the defendant's disputed motion to amend was filed soon after the plaintiff filed a memorandum presenting a new legal theory. Here, the facts and theory underlying defendant's belated estoppel defense, although undisclosed to plaintiff, were available to defendant for months before trial. Unlike *Bevins*, defendant offered his motion to amend after an unjustifiably "deliberate delay." *Id.* at 256, 465 A.2d at 284.

■ "[A] pleader who purposefully delays asserting the matter contained in the amendment has acted contrary to both the general spirit of the . . . rules and the liberal amendment policy of Rule 15(a), which are designed to avoid the old 'sporting theory of

justice' and to facilitate decisions on the merits." 6 C. Wright & A. Miller, Federal Practice & Procedure § 1488, at 444 (1971) (footnote omitted). A just and expeditious disposition of this case would not have been advanced by permitting defendant to amend his answer after the close of the evidence. See *Stratton* v. *Steele*, 144 Vt. 31, 36, 472 A.2d 1237, 1240 (1984) ("there are limits to the liberal application of these rules; motions to amend may be denied if they have been unreasonably delayed, causing prejudice to the opposing party."). The denial of the motion to amend was not an abuse of discretion by the trial court. *Id.* at 37, 472 A.2d at 1240.

*Affirmed.*