Leach v. Fletcher Allen, No. S0125-02 CnC  (Norton, J., Nov. 8, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                    SUPERIOR COURT
Chittenden County, ss.:                          Docket No. S0125-02 CnC

LEACH

v.

FLETCHER ALLEN

ENTRY

Defendant Fletcher Allen seeks to amend its answer to include the affirmative defense of comparative negligence against plaintiff's claim of medical malpractice.  As a negligence action, Medical malpractice is "accompanied by the usual rules . . . plaintiff must prove negligence, causation, and damages  . . . and the defendant may defend in a proper case by asserting contributory fault . . ."  1 D. Dobbs, The Law of Torts § 242, at 631 (2001).  Nothing in either the Vermont comparative negligence statute

or the medical malpractice statute alters this standing for the defendant to plead comparative negligence.  12 V.S.A. §§ 1036, 1908–1909.

In at least one situation, the Vermont Supreme Court has sanctioned comparative negligence in medical malpractice cases.  In Quirion v. Forcier, the Court affirmed an instruction that allowed a jury to find a decedent comparatively negligent for not telling the treating physician that he was a chronic marijuana smoker.  161 Vt. 15, 24–25 (1993).  In the context of comparative negligence, the omission in Quirion was relevant because the defense established at trial that it was a critical factor—both for its medical effect and psychological effect on the decedent's disposition—and one that hampered the doctor's ability to evaluate the decedent for heart trouble.  Id.   Moreover, it was also a conscious habit that the decedent was aware of and chose to conceal from the doctor, despite his concern over chronic chest pains.  It is more descriptive, then to characterize the omission as a concealment because it was the affirmative act of purposefully withholding that, in part, made the marijuana smoking relevant.  This would be in contrast to mere error—something the patient forget to mention—or misunderstanding—not associating the symptom with the condition.

In other words, a patient has a duty to disclose his proper medical history, but that does not remove the duty from the physician to engage the patient and ask him questions.  Nor does it require the patient to reveal every incident, especially if there is no reason for the patient to associate the incident with his condition.  See generally Annot. Patient's Failure to Reveal Medical History to Physician as Contributory Negligence or Assumption of Risk in Defense of Malpractice Action, 33 A.L.R.4th 790 (1984, Supp. 2004); see also  Mackey v Greenview Hospital, Inc., 587 SW2d 249 (Ky. App. 1979) (patient not under a duty to reveal medical

history without being asked was under a duty to do so where patient was aware that the treating physician had failed to ascertain some aspect of her medical history that she knew involved a risk of harm to herself). This is consistent with Quirion, which again must be viewed in the context of its facts and evidentiary foundation.

This court views comparative negligence in a medical malpractice case along a continuum. On one end there are easy cases such as an affirmative action by the patient which disrupts treatment or misleads the physician. See, e.g., Skar v Lincoln, 599 F.2d 253 (8th Cir. 1979) (patient who refused to give accurate information to questions from physicians was liable for harm that resulted from misinformation). On the other, there are hard cases where the omissions do not amount to conscious concealment. Lambert v Shearer, 616 N.E.2d 965, 976–77 (Ohio Ct. App. 1992) (patient not under a duty to reveal everything potentially relevant to physician). In such hard cases, the application of comparative negligence depends on the relevance of the omitted facts, whether the omission amounts to a concealment, and the physician's continuing duty. As Lambert makes clear, the last factor should not be confused, and comparative negligence must be a proximate cause to merit a jury instruction. Id.

Fletcher Allen's basis for a comparative negligence defense arises out of omitted facts about decedent's condition that he may have told to his wife but not his physician. Fletcher Allen frames this as a failure to provide a complete and accurate medical history. For the liberal purposes of V.R.C.P. 15(a), Fletcher Allen may amend its complaint to include the defense. Bevins v. King, 143 Vt. 252, 254 (1983). By granting this amendment, however, there is no guarantee of a jury charge on the claim. Defense will have to present evidence that establishes the elements of comparative negligence and demonstrate that any omission by decedent

rose to the level of an affirmative act or was of such a serious nature that its omission was negligent.  Mere evidence of omission will not, as a matter of law, raise the issue of comparative negligence and will not interrupt the physician's primary duty of care.

Based on the foregoing, defendant's motion to amend is granted.

Dated at Burlington, Vermont_____, 2004.


_____
Judge