# STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 44-4-16 Vtec

| Werner Conditional Use |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Conditional Use (44-4-16 Vtec)

Title:          Motion to Amend Statement of Questions (Motion No. 2)
Filer:          Kimberly Werner
Attorney:    Cielo M. Mendoza
Filed Date:  July 13, 2016

Response in Opposition filed on 07/21/2016 by Attorney Chad V. Bonanni for
        Interested Person Town of Fletcher

Reply filed on 07/27/2016 by Attorney Cielo M. Mendoza for Appellant Kimberly Werner

**The motion is GRANTED IN PART and DENIED IN PART.**

This appeal was taken by the owner of property commonly known as Rich Island in the Town of Fletcher, Vermont, from the partial denial by the Town of Fletcher Development Review Board ("DRB") of an after-the-fact application for conditional use approval for certain additional improvements to her property. The owner—Kimberly Werner (hereinafter referred to as "Appellant")—was seeking authority to add two attached decks and a shed to her property, which was previously improved with a reconstructed cabin and a detached deck near the shoreline of Metcalf Pond.[1]

By its March 31, 2016 decision,[2] the DRB granted Appellant's request for approval of her already constructed dock, walkway, and related stairs, but denied her request for approval of two additional attached decks and a shed. Part of the basis for the DRB denial was that the recently added decks and shed were constructed within the required forty-foot setback.

Appellant initially appeared before the Court as a self-represented litigant and on May 24, 2016, submitted her own Statement of Questions that contained a one-page narrative, followed by ten numbered statements or questions. During the Court's initial conference with

---

[1] It is unclear to the Court at this early stage of this proceeding whether these facts are disputed or not. They have been gleaned from the DRB decision dated February 28, 2007, a copy of which was attached as Exhibit 1 to the Town of Fletcher's Motion to Strike Appellant's Statement of Questions and Opposition to Appellant's Motion to Amend, filed with the Court on July 21, 2016.

[2] A copy of the 2016 DRB decision was also attached to the Town's Motion and Memorandum as Exhibit 3.

the parties, held on June 13, 2016,[3] the Court advised that it was confused by some of the Questions Appellant had initially presented and invited Attorney Mendoza to submit a revised Statement of Questions that revised certain questions.

Attorney Mendoza next filed a revised Statement of Questions on July 11, 2016 that included eight Questions. Then, on July 13, 2016, Attorney Mendoza filed the pending motion to amend, together with a third version of Appellant's Statement of Questions, containing ten Questions. The Town has moved to Strike the July 11, 2016, Statement of Questions and opposes the allowance of Appellant's July 13, 2016 Amended Statement of Questions.

When considering a request to amend a statement of questions, we review the request in a manner similar to requests to amend a complaint in a civil proceeding, pursuant to V.R.C.P. 15(a). In re Buchwald Home Occupation Cond. Use Permit, No. 181-12-13 Vtec at 2 (Vt. Super. Ct. Envtl. Div. April 1, 2014)(Walsh, J.). Parties are permitted to amend a pleading such as a statement of questions (which is a pleading for which no responsive pleading is required) once as a matter of course. Id. Thereafter, trial courts are encouraged to allow pleading amendment, so long as an opposing party will not be prejudiced and the amendment request "is not obviously frivolous nor made as a dilatory maneuver in bad faith." Hunters, Anglers & Trappers Assoc. of Vermont, Inc. v. Winooski Valley Park Dist., 2006 VT 82 at ¶17, 181 Vt. 12, *quoting* Bevins v. King, 143 Vt. 252, 254-55.

As the Town of Fletcher ("Town") correctly points out in its memorandum opposing Appellant's motion to amend, our Supreme Court has encouraged trial courts to deny motions to amend when the amended pleadings present a "futile" claim that would not survive a motion to dismiss. Prive v. Vt. Asbestos Group, 2010 VT 2, ¶ 13, 187 Vt. 280.[4] When considering whether a claim is "futile" and therefore subject to dismissal, this Court has considered whether "it appears beyond doubt that there exist no facts or circumstances that would entitle Appellant to relief." In re Wagner and Guay Permit, No. 150-10-14 Vtec at 1–2. (Vt. Envtl. Ct. Envtl. Div. April 2, 2015)(Walsh, J.), *quoting in part* Colby v. Umbrella, Inc., 2008 VT20, ¶ 5, 184 Vt. 1.

With these standards in mind, we review Appellant's Amended Statement of Questions, filed on July 13, 2016, and compare it to Appellant's original Statement of Questions, filed on May 24, 2016. Our first endeavor is to determine whether the requested amendments would result in the opposing party being unfairly disadvantaged.

We perceive no potential for unfair disadvantage to be caused to the Town by the revisions proposed by Appellant. In her initial Statement of Questions, Appellant asked several confusing questions and several others which would be improper for the Court to answer. See, e.g., Questions 1 and 5–9 from Appellant's Statement of Questions, filed May 24, 2016. Appellant's general objection to being denied the requested conditional use approval for her

---

[3] By this time, Attorney Cielo Mendoza had entered his appearance on Appellant's behalf.

[4] We note that in Prive, the Supreme Court reversed the trial court's denial of plaintiff's motion to amend his complaint, noting that when considering whether the amended complaint would survive a motion to dismiss, the applicable standard requires that dismissal for failure to state a claim for which relief may be granted "under Rule 12(b)(6) is proper *only* when it is beyond doubt that there exists no facts or circumstances . . . that would entitle the plaintiff to relief." Prive at ¶ 14, quoting Bock v. Gold, 2008VT 81, ¶ 14, 184 Vt. 575 (emphasis in original). The Supreme Court in Prive also cautioned that because a party moving for dismissal faces such a high standard, such dismissal motions "are disfavored and should rarely be granted." Id. We have therefore also taken into consideration this established aversion to dismissal of claims.

already-constructed additions is implicit throughout her Questions, but they are poorly worded. That is why the Court first encouraged Attorney Mendoza to file a revised Statement of Questions, which he did on July 11, 2016. Two days later, on July 13, 2016, Attorney Mendoza filed his motion to further amend Appellant's Statement of Questions.

Reviewing the proposed Amended Statement of Questions, we conclude that Questions 1, 3, 5–6, and 8–9 present more clearly the challenges to the DRB's denial of Appellant's request for conditional use approval. These Questions provide a clearer notice of the legal issues Appellant wishes to present in this de novo appeal. For that reason, we perceive no prejudice to the Town and will therefore allow those Questions to be presented.

Some of Appellants Amended Questions appear to be outside of our jurisdictional authority. For example, Question 2 speaks to the lack of a search warrant and suggests that collected evidence should be deemed "inadmissible." While this legal doctrine may have some basis in criminal law, we know of no such legal doctrine in environmental law. Similarly, Question 4 asked us to review prior approvals or permits that have now become final. The finality doctrine of 24 V.S.A. § 4472(d) precludes this Court from opining upon past permit determinations that cannot be properly brought before the Court on appeal. Appellant's Question 7 asserts that the appealed 2016 DRB denial "infringes upon [her] constitutional rights to privacy and runs counter to search and seizure laws." We will limit our review in the pending appeal to the general issue of whether Appellant's conditional use application conforms to the applicable zoning regulations and whether Appellant's detrimental reliance claims have legal merit; we will not extend our review to applicable search and seizure doctrines from criminal law. Lastly, Appellant's Question 10 asks whether the as-built "shed is exempt under the Shoreland Protection Act," which we understand to be a reference to state law. We decline to consider state law claims in this municipal law appeal.

For all these reasons, we **GRANT** Appellant's motion and allow Questions 1, 3, 5–6, and 8–9 to be presented. We **DENY** Appellant's motion to the extent of her Questions 2, 4, 7, and 10. The Court has made hand-written notations on Appellant's July 13, 2016 Statement of Questions to reflect this ruling.

**So ordered.**

Electronically signed on August 31, 2016 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:
Cielo M. Mendoza (ERN 3676), Attorney for Appellant Kimberly Werner
Chad V. Bonanni (ERN 4155), Attorney for Interested Person Town of Fletcher