Filed 01/25/24

VERMONT SUPERIOR
COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 22-CV-01810

Jill Tucker v. Dubois & King, Inc.

## Ruling on Dubois & King's Motions for Summary Judgment and a Protective Order and Ms. Tucker's Motion to Amend the Complaint

In this action, Plaintiff Ms. Jill Tucker alleges that, once she was diagnosed with cancer, her employer, Defendant Dubois & King, Inc. (D&K), began retaliating against her by effectively demoting her, marginalizing her in the workplace, treating her abrasively, and eventually revoking all accommodations and terminating her employment. In the original complaint, she asserts two claims of disability discrimination (retaliation and failure to accommodate) and one of age discrimination. With discovery ongoing, D&K filed a motion for summary judgment arguing that the undisputed facts show that it tried many ways to accommodate Ms. Tucker, who eventually quit through no fault of its own. It also filed a motion for a protective order asking the Court to suspend further discovery until it rules on its motion for summary judgment, which, at a minimum, would prevent scheduled depositions of D&K employees.

Ms. Tucker has opposed both motions and filed a motion to amend the complaint. The proposed amendment adds claims of "wrongful termination by constructive discharge," breach of contract, promissory estoppel, and intentional infliction of emotional distress. The breach of contract and, in the alternative, promissory estoppel

claims appear to assert that, apart from accommodations warranted by limitations due to disability, there was some kind of enforceable agreement permitting Ms. Tucker to work 5-hour workdays all from home but for once a week, and that D&K breached that agreement by revoking it unilaterally and terminating her employment. D&K opposes any amendment arguing that the new claims are futile, should have been raised long ago if at all, and were filed in a bad faith effort to keep the case alive after D&K filed its summary judgment motion.

1.      Ms. Tucker's Motion to Amend

Vt. R. Civ. P. 15(a) provides that leave to amend a complaint shall be freely given by the court "when justice so requires." In Vermont, this provision has been liberally construed in favor of allowing parties to amend their pleadings. *Lillicrap v. Martin*, 156 Vt. 165, 170 (1991). The purpose is three-prong: (1) to provide the opportunity for each claim to be decided on the merits rather than on a procedural technicality; (2) to give notice of the nature of a claim or defense; and (3) to enable a party to assert matters that were overlooked or unknown at an earlier stage in the proceeding. *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶4, 184 Vt. 1, 5 (quoting *Bevins v. King*, 143 Vt. 252, 255 (1983)).

Leave to amend is not always granted, however. It may be denied when the just and expeditious disposition of the dispute between the parties will not be advanced via the amendment. In making that determination, the Court analyzes whether the proposed amendment: (1) would result in undue delay; (2) is brought in bad faith; (3) would result in unfair prejudice to the opposing party; or (4) would be "futile" in that it would fail to state a claim upon which relief can be granted, the dismissal standard under Rule 12(b)(6). *Perkins v. Windsor Hosp. Corp.*, 142 Vt. 305, 313 (1982).

Ms. Tucker's motion is a very close call.  D&K's argument as to delay has force.  Ms. Tucker's original complaint was filed in May 2022.  In her motion to amend, she asserts that the proposed claims only became apparent in the course of discovery.  She does not further explain that point.  In fact, the proposed claims appear to address events and issues that should have been fully apparent to Ms. Tucker in real time when they happened to her, well before she ever filed this case.  She offers no justification for having overlooked these claims until now.  Thus, her delay in raising them goes essentially unexplained.

D&K also argues that the claims, or most of them, are futile.  Indeed, as to the new claims, the allegations of the complaint are somewhat conclusory.  As noted, however, futility under Rule 15(a) is assessed under the Rule 12(b)(6) standard.  D&K's futility argument does not appear to apply that standard except perhaps with regard to the wrongful termination claim.  Instead, it essentially argues futility based on its view of the true facts rather than the allegations of the complaint.  The Court acknowledges that the wrongful termination claim is not pleaded with clarity, and it may simply be duplicative of Ms. Tucker's discrimination claims.  It is not clear, though, that it fails as a matter of law to state a claim under the stringent test of Rule 12(b)(6).  In short, the Court cannot conclude without a developed factual record that the proposed claims are futile.

As to prejudice, delay can be its own form of prejudice and unnecessary costs can be incurred by the opposing party.  Otherwise, the prospect is that the parties may need to redo certain discovery, such as Ms. Tucker's deposition.

Given the unexplained delay and potential for prejudice, balanced by the strong policy in favor of addressing claims on their merits, the Court concludes that the just approach in this case is to grant the motion to amend subject to a condition related to costs. *See* 6 Mary Kay Kane, *et al., Fed. Prac. & Proc. Civ*. § 1486 (3d ed.) ("If the party opposing the amendment can be protected by the use of conditions from any possible prejudice that might result from the untimeliness of the amendment, there is no justifiable reason for not allowing it."). "The most common condition imposed on an amending party is costs." *Id*. Accordingly, Ms. Tucker's motion to amend will be granted subject to the proviso that D&K may file a future request for reasonable discovery expenses, including attorney fees, if it can establish that they were incurred solely due to the untimely amendment and the need to engage in wholly redundant discovery.[1]

2.      D&K's Motion for Summary Judgment

Given the amendment, the Court declines to address the substance of D&K's summary judgment motion at this time. The breadth of the new claims clearly overlaps with the alleged narrative underlying the original three claims, discovery is ongoing, and the summary judgment record is not well developed. While Ms. Tucker has not expressly sought relief under Vt. R. Civ. P. 56(d) (when facts are unavailable to the nonmovant), she has argued, in substance, in opposition to D&K's motion for a protective order that allowing discovery to continue will help ensure that she has a fair chance to develop the evidence as to the matters raised in D&K's summary judgment motion. The Court is persuaded that discovery, though not in its earliest stages, has also not concluded. Ms. Tucker should be afforded some opportunity to develop evidence, particularly in light of

---

[1] To be clear, this condition does not apply to all subsequent discovery costs, only those (hopefully few, if any) that meet the standard noted text.

her new claims, prior to the Court's consideration of a motion for summary judgment. D&K's motion is denied without prejudice at this time.

3.    D&K's Motion for a Protective Order

D&K's Motion for a Protective Order presupposes that the Court would be proceeding to rule on the substance of its Motion for Summary Judgment. As the Court will not be doing that at this time, the issue of a protective order is moot.

Conclusion

For the foregoing reasons, Ms. Tucker's Motion to Amend is granted conditionally. D&K's Motion for Summary Judgment is denied without prejudice, and its Motion for a Protective Order is denied as moot.

Electronically signed on Wednesday, January 24, 2024, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge