Filed 09/26/24

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-02054

| Mary Emilius, et al v. Derrick Walton, et al |
|---|

## ENTRY REGARDING MOTION

Title:          Motion to Reconsider; Motion to Amend Complaint Entry Order Granting Motion to Dismiss, or Allow Appeal; Under VRCP 15 to Allow Third Amended Complaint - Revised (Motion: 15; 16)
Filer:          Harry R. Ryan, III; Harry R. Ryan, III
Filed Date:     August 06, 2024; August 06, 2024

The motions are DENIED.

### Motion to Reconsider or Allow Appeal

Pursuant to Rule 54(b) of the Vermont Rules of Civil Procedure, the Court has discretion to revise its decisions adjudicating a claim entered before the entry of final judgment. In pertinent part, that Rule provides:

> any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of all the parties shall not terminate the action as to any of the clams or parties, and the order or other form of decision is subject to revision at any time before entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Vt. R. Civ. P. 54(b). The discretion afforded by this Rule may be exercised "as justice requires, that is, in accordance with the principles of equity and fair play." *Putney Sch., Inc. v. Schaaf*, 157 Vt. 396, 407 (1991). That standard is not a particularly liberal one, however. *See* 18B E.H. Cooper, *Fed. Prac. & Proc. Juris.* § 4478.1 (3d ed., June 2024 update) ("Reconsideration . . . is not provided indiscriminately whenever some party might wish it."). As the Second Circuit has observed when construing the analogous federal standard, "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Official Comm. of Unsecured Creditors of Color Title, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (quotation omitted). Thus, an interlocutory adjudication of a claim "may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Id.* (quotation omitted). Here, Plaintiffs do not point to any change in controlling law or to new evidence, and the Court concludes that they have failed to identify any clear errors of law or manifest injustice, warranting revision of the dismissal decision.

As noted in the order for which reconsideration is sought, "[t]he inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284-85 (2014) (internal quotation marks omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 285; *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) ("In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." (omitting internal quotation marks)). Examples of a nonresident defendant's activities constituting purposeful availment of the forum state, sufficient to warrant specific jurisdiction, include "'exploit[ing] a market' in the forum State or entering a contractual relationship centered there." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (quoting, with alterations added, *Walden*, 571 U.S. at 285).

With these principles in mind, the Court focuses on defendants' *suit-related* conduct, as alleged by Plaintiffs. Plaintiffs assert that True & Associates of NY, LLC ("True")—an independent insurance broker based in New Jersey—was negligent for failing to exercise ordinary skill and care when informing the agent (Rodrigues) of the insurer (Farm Family) of the scope of insurance coverage requested by True's New Jersey client, GEOD Corporation, and/or failing to adequately double-check the work of Rodrigues and Farm Family to ensure that the insurance policies actually issued were compliant with GEOD's coverage requests. *See* Pl.'s Second Am. Compl., ¶¶ 1-50, 61-63.[1] Essentially, the claim is one of "professional malpractice" by True—a negligent failure to accurately procure the requested coverage on behalf of the client, GEOD. *See* Pl.'s Mot. to Reconsider (filed Aug. 6, 2024), at 8-9. Plaintiffs' theory of liability as to World Insurance Associates, LLC ("World") is similar. Plaintiffs allege, on the part of World, a "negligent failure to verify coverage the applicant [GEOD] requested." *Id.* ¶ 64.[2]

However, Plaintiffs further allege that such negligent conduct by True and World makes them liable to third parties, including Plaintiff Mary Emilius. Plaintiffs allege that Mary, as a listed driver on a motor vehicle insurance policy regarding a vehicle to be principally garaged and

_____

[1] In their briefing, Plaintiffs repeated describe their claims and allegations in this case by reference to a "Third Amended Complaint" or "Third Amended Complaint – Revised," however the court has not approved a Third Amended Complaint at this time and did not rely upon such in its initial decision. In deciding the instant motion, therefore, the Court focuses on Plaintiffs' Second Amended Complaint, which was the pleading in effect when True and World sought dismissal, and remains operative today.

[2] Plaintiffs also assert, apparently as an alternative theory to common-law negligence, that True (and perhaps World) owed a higher duty, in effect a fiduciary duty, to GEOD, and that the same acts or omissions that gave rise to liability for ordinary negligence makes those defendants liable for breach of a fiduciary duty. It is unclear from Plaintiffs' briefing, however, how this breach-of-fiduciary-duty claim alters the jurisdictional analysis.

registered in Vermont, would have received uninsured motorist ("UM") coverage, but for the negligence of True and World (and other defendants). *See* 23 V.S.A. § 941(a) (mandating UM coverage for insured persons under any insurance policy issued on a vehicle registered or garaged in Vermont). Relying chiefly upon *Carter Lincoln-Mercury, Inc., Leasing Div. v. EMAR Group, Inc.*, 638 A.2d 1288, 1297-98 (N.J. 1994), Plaintiffs maintain that they may, based on principles of foreseeability and fairness, sue an insurance broker in tort for a breach of a duty of care owed to third parties (e.g., Plaintiffs) who are "within the zone of harm emanating from broker's actions." *See* Pl.'s Mot. to Reconsider (filed Aug. 6, 2024), at 8-9; Pl.'s Reply to Opp'n to Mot. to Reconsider (filed Aug. 27, 2024), at 6.[3] As such, although True and World provided corporate insurance brokerage services directly and exclusively to GEOD, Plaintiffs assert that such actions create additional and separate legal duties of care, owed to any other person who may be foreseeably harmed by the negligent performance of such services or actions. Plaintiffs relatedly assert that their particular economic losses, for which they seek recover from True and World—arising from the lack UM excess coverage specifically required under Vermont's insurance laws—were foreseeable harms, insofar as True/World knew that GEOD requested an insurance policy for a vehicle to be registered and garaged in Vermont, with Plaintiffs the listed drivers on the policy.[4]

---

[3]     In Plaintiffs' reply brief in support of their motion for reconsideration, they assert that they also have rights as intended third-party beneficiaries of a contract between True/World and GEOD. *See* Pl.'s Reply, at 6-7 (citing, *inter alia*, *Morrisville Lumber Co. v. Okcuoglu*, 148 Vt. 180, 184 (1987)). The Court will not consider this contract theory here. The theory does not fairly appear in Plaintiffs' Second Amended Complaint, which does not reference any contractual (as opposed to tort) duty owed to Plaintiffs, or identify Plaintiffs as a third-party beneficiary of any supposed contract between True/World and GEOD. Indeed, the Second Amended Complaint makes repeated references to True and World's negligence and breach of a fiduciary duty as professional insurance brokers for GEOD, rather than any breach of a contractual obligation owed to intended third-party beneficiaries. *See* Second Am. Compl. ¶¶ 41, 43-45, 47, 49-50, 62-64. Further, this contract theory was not advanced in Plaintiff's opposition to Defendants' motion to dismiss, or in Plaintiffs' opening brief in support of their motion for reconsideration. Thus, the contract theory was not even addressed by Defendants in any of their briefs. For all these reasons, the Court will not consider the alternative argument that personal jurisdiction should be found upon a theory of contract.

[4]     There is authority casting at least some doubt on the notion of extra-contractual negligence duties, under Vermont law, in these circumstances. *See Shulman v. Concord Gen. Mut. Ins. Co.*, 618 F. Supp. 3d 165, 175 (D. Vt. 2022) (under both economic loss rule and principles of agency, property appraiser retained by insurer "to assist in developing" terms of insurance policy is protected against a negligence claim brought by insured homeowner, whose remedies lie in contractual or bad faith claims against insurers (citing *Hamill v. Pawtucket Mut. Ins. Co.*, 2005 VT 133, ¶ 14, 179 Vt. 250)). Yet, for purposes of a motion to dismiss under Rule 12(b)(2), the Court did not (and does not here on a motion for reconsideration) assess the legal viability of the Plaintiffs' theories of recovery. Defendants have not sought dismissal for failure to state a claim, so the question now is whether the Defendants' activities, on which Plaintiffs' theories of recovery are based, created a substantial connection to the forum state so as to make the exercise of personal jurisdiction consistent with due process.

But what is significantly missing from this description and understanding of the conduct of True/World that gives rise to their alleged liability to Plaintiffs are any "'deliberate actions within'" Vermont taken by True or World, or any actions "'creat[ing] continuing obligations to forum residents.'" *T-Mobile USA, Inc. v. Auto-Owners Ins. Co.*, Case No. C20-0567-JCC, 2020 WL 4788021, at \*3 (W.D. Wash. Aug. 18, 2020) (alteration added; quoting *Hirsch v. Blue Cross, Blue Shield*, 800 F.2d 1474, 1478 (9th Cir. 1986)). True/World did not issue any insurance policies to anyone, and thus, were not parties to any insurance contract with a Vermont resident or naming a Vermont resident as an additional insured. Indeed, True/World never sought or obtained license from the State of Vermont to sell insurance policies within Vermont, or policies regarding vehicles garaged and registered in Vermont. Thus, True/World did not exploit or participate commercial or consumer/retail insurance market in Vermont. Nor did they offer brokerage services within Vermont or to a Vermont resident. True/World are also not alleged to have physically entered Vermont or to have reached out, beyond the borders of their home state, to solicit or otherwise communicate with Plaintiffs or any other Vermont residents.

Moreover, Plaintiffs cite no decision holding that a defendant purposefully and deliberately avails itself of a forum state, sufficient to satisfy "minimum contacts" and due process, by offering insurance brokerage *services* to a nonresident client with regard to the client's motor vehicle garaged within the forum state, but without ever selling a motor vehicle insurance policy to such client. Plaintiffs have also failed to cite a case, involving a question of personal jurisdiction, in which the *Carter Lincoln-Mercury* "zone of harm" theory was relied upon to find that an independent insurance broker who offered its services to a nonresident thereby created a continuous legal obligation to residents of a forum state. In other words, no case is cited where an insurance broker was deemed to have "purposefully availed" itself of a forum state, on the theory that there are residents of the forum state who are within the putative "foreseeable zone of harm" emanating from the broker's failure to use ordinary care in assisting a nonresident client in obtaining motor vehicle or other personal property insurance from an insurance provider, issued through the insurance provider's own separate agent.

Indeed, the many cases principally relied upon by Plaintiffs are each distinguishable for one or more reasons. For example, True/World did not issue a certificate of insurance, much less a full-blown insurance contract, listing a party residing in the forum state as an additional insured. *Cf. T-Mobile USA*, 2020 WL 4788021, at \*4 (certificate of insurance issued by a broker on behalf of nonresident insurance company, listing resident of forum state as additional insured, constitutes sufficient minimum contacts by defendant insurance company); *Cornell & Co., Inc. v. Home Ins. Cos.*, No. CIV. A. 94-5118, 1995 WL 46618, at \*\*3-4 (E.D. Pa. Feb. 6, 1995) (personal jurisdiction found as to broker who issued a certificate of insurance to equipment owner, causing owner to conclude that it was insured by policy issued through broker, for liability arising from operation of owner's equipment at site within forum state). Further, True/World did not sell any insurance product knowing that it would be delivered to a forum resident (as named insured), and knowing that it was intended to insure against risks of loss to personal property located in the forum state. *Cf. Ruiz de*

*Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1357-58 (11th Cir. 2000). True/World also did not engage in "intentional and allegedly tortious action expressly aimed at [the forum]," and did not "knowingly cause . . . injury in [the forum]" or to those living in the forum state. *Id.* (quoting *Calder v. Jones*, 465 U.S. 783, 788 (1984)). True/World did not, as an agent for an insurance company, sell four, six-month-long nonrenewable health insurance policies to a resident of the forum state, or orally offer—via a telephone call with the forum resident's father while he was in the forum state—to procure and sell (on behalf of an insurer) a fifth such insurance policy to and for the benefit of the forum resident. *Cf. Cronin v. Washington Nat'l Ins. Co.*, 980 F.2d 663, 666, 670 (11th Cir. 1993). Additionally, in this case, the Farm Family policy as to the subject vehicle was issued "through" Farm Family's agent, Rodrigues, not through True/World, who were independent brokers providing certain professional *services* (not contracts of insurance) to its client, GEOD. *Cf. Wells Fargo Bank, N.A. v. Affiliated FM Ins. Co.*, 666 S.E. 2d 774, 780 (N.C. Ct. App. 2008). And nor did True/World issue "Evidence of Property Insurance" or similar certificates or documentation, to the insured (whether to GEOD or to Plaintiffs). *Id.*[5] Also, True/World did not provide brokerage services to client companies who were incorporated and domiciled in the forum state, for real property owned by those companies that was located in the forum state. *Cf. New Investment Props., LLC v. ABC Ins. Co.*, 972 So. 2d 392, 396-97 (La. Ct. App. 2007).

Thus, Plaintiffs have failed to demonstrate clear legal errors warranting a change or correction to the Court's earlier order granting True and World's motion to dismiss for lack of personal jurisdiction. Accordingly, Plaintiffs' motion for reconsideration must be, and hereby is, denied.

Plaintiffs alternatively seek to appeal the court's decision pursuant to V.R.C.P. 5(a). Plaintiff's motion is denied as it was filed more than 14 days after the court's decision was issued. V.R.C.P. (b)(5)(A). Additionally, the motion fails to address how an appeal would materially advance the termination of the litigation as required by V.R.C.P. 5(b)(1)(B). The motion to allow an appeal is denied.

### Motion to Amend

Pursuant to V.R.C.P. 15(a), "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Vermont is a liberal pleading state and the court is required to keep in mind three principals: 1) "to provide maximum opportunity for each claim to be decided on its merits rather than on a procedural technicality"; 2) "to give notice on the nature of the claim or defense"; and 3) "to enable a party to assert matters that were overlooked or unknown to him at an earlier stage in the proceedings." *In re Burke,* 2019 VT 28, ¶ 46 (quoting *Bevins v. King,* 143 Vt. 252, 255 (1983)). It is an abuse of discretion to deny a motion to amend "when there is no prejudice to the objecting party, and when the proposed amendment is not obviously frivolous nor made as a dilatory maneuver in

---

[5] According to Plaintiffs, True/World forwarded documentation to GEOD that was issued *by* Farm Family (through Rodrigues), showing the actual insurance coverages obtained.

bad faith…" *Id.* (quoting *Gauthier v. Keurig Green Mountain, Inc.,* 2015 VT 108, ¶ 43). "When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utilities Bd.,* 259 F.3d 452, 459 (6th Cir. 2001).

Denial of a motion to amend may be justified where there is "(1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." *Colby v. Umbrella, Inc.,* 2008 VT 20, ¶ 4. In this case, plaintiffs seek to add Thomas True, True & Kookogey, Inc., North Avenue Advisors, Inc., and North Avenue Title LLC as defendants. Plaintiffs motion is premised on the court granting their motion to reconsider. The defendants plaintiff seeks to add to the complaint are tied directly to the defendant the court already dismissed for lack of personal jurisdiction. As explained above, the court does not have jurisdiction over that defendant. Allowing the plaintiff to amend the complaint to add these defendants would be futile as the court would lack jurisdiction over them for the same reasons the court lacks jurisdiction over True & Associates. The motion to amend is therefore denied.

Electronically signed on September 26, 2024 pursuant to V.R.E.F. 9(d)

*Alexander N. Burke*
_____
Alexander N. Burke
Superior Court Judge