Filed 01/15/25

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-00316

| Jeffrey Kinneston et al v. Jean Raiche |
| --- |

## ENTRY REGARDING MOTION

Title:        Motion for Leave to Allow Defendant to File Counterclaim of Adverse Possession
(Motion: 2)
Filer:        Jeffrey P. White
Filed Date:  November 25, 2024

The motion is GRANTED.

This is a property dispute brought by Plaintiffs Jeffrey Kinneston and Todd Kinneston against Defendant Jean Marie Raiche. The Complaint was filed on January 25, 2024 and the Defendant filed an Answer on March 26, 2024. On November 25, 2025, Defendant filed a motion requesting permission to file a counterclaim of adverse possession. Plaintiffs filed a response on December 9, 2024 and Defendant filed a reply on December 19, 2024. The current discovery order indicates discovery is to be complete and trial ready by April 1, 2025, with mediation expected to be complete by February 28, 2025[1].

Pursuant to V.R.C.P. 15(a), "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Vermont is a liberal pleading state and the court is required to keep in mind three principals: 1) "to provide maximum opportunity for each claim to be decided on its merits rather than on a procedural technicality"; 2) "to give notice on the nature of the claim or defense"; and 3) "to enable a party to assert matters that were overlooked or unknown to him at an earlier stage in the proceedings." *In re Burke,* 2019 VT 28, ¶ 46 (quoting *Bevins v. King,* 143 Vt. 252, 255 (1983)). It is an abuse of discretion to deny a motion to amend "when there is no prejudice to the objecting party, and when the proposed amendment is not obviously frivolous nor made as a dilatory maneuver in bad faith…" *Id.* (quoting *Gauthier v. Keurig Green Mountain, Inc.,* 2015 VT 108, ¶ 43). "When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utilities Bd.,* 259 F.3d 452, 459 (6th Cir. 2001).

Denial of a motion to amend may be justified where there is "(1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." *Colby v. Umbrella, Inc.,* 2008 VT

---

[1] The order has a deadline of 2/28/24, however the court interprets that as a scrivener's error and the parties intended mediation to be complete by 2/28/25.

20, ¶ 4. Plaintiffs argue there is undue delay because the Defendants could have brought this counterclaim when an Answer was filed and the justification for the delay, discovery disclosures, is insufficient because the disclosures contained information already known to Defendant. In addition, Plaintiffs argue there would be undue delay because they were in the middle of completing a summary judgment motion at the time of this motion. Defendant argues that discovery was not complete at the time of the filing of the motion, dispositive motions had not been filed, and trial had not been scheduled. Defendant's request is made eight months after her Answer was filed, however discovery is ongoing and Plaintiffs have not filed any dispositive motions, even though they indicated they were working on a motion for summary judgment. This is distinct from the facts in *Gauthier,* where the trial court had denied a motion to amend and took into account the opposing party had already filed a motion for summary judgment. *Gauthier,* 2015 VT 108, ¶ 44. There is currently no pending motion for summary judgment and the parties are still within the discovery period. Although there might be some delay in granting Defendant's motion, the court cannot find any delay would be undue as the case is not yet one year old.

Plaintiffs do not allege Defendant is acting in bad faith or that the amendment would be futile. As such, the court cannot find Defendant's motion is either made in bad faith or futile. Plaintiffs do allege that they would be prejudiced by the amendment. "Prejudice under the rule means undue difficulty in prosecuting a lawsuit as a result of a change of tactics of theories on the part of the other party." *First Nat. Bank of Boston v. Silberdick,* 146 Vt 209, 211 (1985) (quoting *Deakyne v. Commissioner of Lewes,* 416 F.2d 290, 300 (3d Cir. 1969)). This is a property dispute regarding ownership of a particular parcel of land. Plaintiffs have asserted their own alternative theory of adverse possession in their original complaint. The court cannot find there would be undue difficulty for Plaintiffs in responding to the amended complaint as they are already addressing the theory in their original complaint. The court cannot find sufficient prejudice to the Plaintiffs under these circumstances such that it outweighs the presumption that leave to amend shall be freely given.

Electronically signed on January 15, 2025 pursuant to V.R.E.F. 9(d)

_Alexander N. Burke_
_____
Alexander N. Burke
Superior Court Judge