VERMONT SUPERIOR COURT
Windsor Unit
12 The Green
Woodstock VT  05091
802-457-2121
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 25-CV-02684



| Sunset Farm Condominium Association v. Frankenmuth Mutual Insurance Company |
| --- |

## ENTRY REGARDING MOTION

Title:  Motion to Dismiss;
Motion to Amend Complaint;
Motion to Extend Filing Deadlines ;
(Motion: 1; 2; 3)

Filer:  John E. Brady, Esq. (motion #1)
Nicholas J. Seldon, Esq. (motion #2)
John E. Brady, Esq. (motion #3)

Filed Date:  August 26, 2025; September 08, 2025; September 12, 2025

### Decision on Frankenmuth's Motion to Dismiss and
### Sunset Farm's Motion to Amend

Plaintiff Sunset Farm Condominium Association's 5-floor commercial condominium building suffered a catastrophic water loss due to a frozen pipe in February 2023.  It alleges that the loss is squarely covered by its insurance policy with Defendant Frankenmuth Mutual Insurance Company, that Frankenmuth covered part of the loss, but that Frankenmuth has refused to cover approximately $87,000 of reconstruction costs without any good faith explanation or rationale.  It generally accuses Frankenmuth of bad faith efforts to avoid liability on the policy.  Sunset Farm frames its claims as follows: bad faith (Count 1); breach of the implied covenant of good faith and fair dealing (Count 2); violation of the Consumer Protection Act (CPA), 9 V.S.A. §§ 2451–2494z (Count 3); negligent performance of undertaking (Count 4); and breach of contract (Count 5).

Frankenmuth has filed a motion to dismiss for failure to state a claim.  V.R.C.P. 12(b)(6).  It argues that the non-CPA counts all are subject to a 2-year policy-imposed limitation period on actions against it, and Sunset Farm filed suit outside of that 2-year period.  It also argues that Sunset Farm's Insurance Trade Practices Act (ITPA), 8 V.S.A. §§ 4721–4728, and CPA claims

fail because the acts do not give any party a private right of action at all (ITPA) or at least in the context of insurance relationships (CPA).

As to the limitations issue, Sunset Farm does not dispute that the policy contains that provision and that it is a valid part of the insurance contract. It asserts, however, that equitable estoppel or equitable tolling should prevent its application in this case because it was unaware of the provision and Frankenmuth refused to produce a copy of the policy until after the period had run. It has filed a motion to amend to include certain such allegations in the pleadings.

A motion to dismiss for failure to state a claim faces a high bar. The Vermont Supreme Court has described the familiar standard for Rule 12(b)(6) motions to dismiss for failure to state a claim as follows:

> "A motion to dismiss ... is not favored and rarely granted." This is especially true "when the asserted theory of liability is novel or extreme," as such cases "should be explored in the light of facts as developed by the evidence, and, generally, not dismissed before trial because of the mere novelty of the allegations." In reviewing a motion to dismiss, we consider whether, taking all of the nonmoving party's factual allegations as true, "'it appears beyond doubt' that there exist no facts or circumstances that would entitle the plaintiff to relief." We treat all reasonable inferences from the complaint as true, and we assume that the movant's contravening assertions are false.

*Alger v. Dep't of Labor & Indus.*, 2006 VT 115, ¶ 12, 181 Vt. 309 (citations omitted); see also 5B A. Benjamin Spencer, et al., Fed. Prac. & Proc. Civ. § 1357 (4th ed.) ("Ultimately, the burden is on the moving party to prove that no legally cognizable claim for relief exists.").

*The non-CPA claims*

There is no dispute that the policy contains valid provisions limiting suit against Frankenmuth to 2 years after the loss, and that Sunset Farm filed suit more than 2 years after the loss. Sunset Farm seeks to avoid dismissal on this basis by asserting that it was unaware of this limitation, and Frankenmuth took steps (refusing to produce a copy of the policy) to ensure that it remained ignorant until the 2-year period elapsed. The original complaint does not include such allegations. Sunset Farm seeks to amend the complaint to assert them.

Rule 15(a) provides that leave to amend a complaint shall be freely given by the court "when justice so requires." In Vermont, this provision has been liberally construed in favor of allowing parties to amend their pleadings. *Lillicrap v. Martin*, 156 Vt. 165, 170 (1991). "The principal reasons underlying the liberal amendment policy are (1) to provide maximum opportunity for each claim to be decided on its merits rather than on a procedural technicality, (2) to give notice of the nature of the claim or defense, and (3) to enable a party to assert matters

that were overlooked or unknown to him at an earlier stage in the proceedings." *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 4, 184 Vt. 1 (quoting *Bevins v. King*, 143 Vt. 252, 255 (1983)).

Leave to amend is not always granted, however. It may be denied when the just and expeditious disposition of the dispute between the parties will not be advanced via the amendment. In making that determination, the court analyzes whether the proposed amendment: (1) would result in undue delay; (2) is brought in bad faith; (3) would result in unfair prejudice to the opposing party; or (4) would be "futile" in that it would fail to state a claim upon which relief can be granted. *Perkins v. Windsor Hosp. Corp.*, 142 Vt. 305, 313 (1982).

Frankenmuth argues that amendment would cause undue delay and unfair prejudice to it. Neither is evident in the record, however. Sunset Farm sought to amend in support of its defense promptly after Frankenmuth sought dismissal, and Frankenmuth points to no unfair prejudice. Frankenmuth raised the limitations issue; there is nothing unfair about allowing Sunset Farm to plead a potential basis for avoiding the limitation.

Frankenmuth emphasizes at length that any such amendment would be futile because the proposed amended complaint would continue to fail to state a claim. This is so, in Frankenmuth's view, because Sunset Farm has no evidence that would support the elements of its estoppel defense, and Frankenmuth possesses extensive evidence to the effect that neither Sunset Farm nor its counsel ever was ignorant of the 2-year limitation period.

Frankenmuth's futility argument far outruns Vermont's dismissal standard, which typically limits the universe of facts to the four corners of the complaint and any attachments to it. It is true that other evidence, if sufficiently incorporated into the complaint and of an appropriate nature, may be considered. See *Kaplan v. Morgan Stanley & Co.*, 2009 VT 78, ¶ 10 n.4, 186 Vt. 605. That limited exception is not an invitation to consider anything relevant to an allegation in a complaint or proposed amendment. Frankenmuth's futility argument depends heavily on evidence that is not properly part of the Rule 12(b)(6) record.

Sunset Farm's motion to amend to granted. Frankenmuth's motion to dismiss is denied as to the non-CPA claims.

*The ITPA claim*

The court declines to dismiss Sunset Farm's Insurance Trade Practices claim, because there is no such claim. Sunset Farm acknowledged as much in its opposition filing. Instead, it merely cites to certain standards in the ITPA in support of its CPA claim. To the extent that Frankenmuth is asking the court to rule that any standard in the ITPA is per se irrelevant to a CPA claim against an insurance company, the court declines to do so at the dismissal stage. Any such argument will be better addressed once the facts are developed.

*The CPA claim*

Frankenmuth argues that the CPA claim is meritless because the CPA, as a matter of law, does not apply to insurance transactions. In *Greene v. Stevens Gas Serv.*, 2004 VT 67, ¶ 10, 177 Vt. 90, the Vermont Supreme Court acknowledged the argument that the 1985 amendments to the CPA abrogated its holding in *Wilder v. Aetna Life & Cas. Ins. Co.*, 140 Vt. 16, 18–19 (1981), to the effect that the CPA does not apply to insurance. The *Greene* Court, however, resolved that case on an alternative basis without reaching this question; and the Vermont Supreme Court never since has ruled on the matter.

Numerous trial court judges, however, have concluded that the CPA generally extends to the insurance marketplace. "The 1985 amendments to the [CPA] fully undermine the basis for the Supreme Court's ruling in *Wilder*. Given the Legislature's significant expansion of the definition of matters covered by the [CPA]—from 'delivery, installation, servicing, repair or improvement' of 'tangible personal chattel' to 'intangibles' and 'property and services of any kind'—this Court believes that the [CPA] now covers transactions involving the sale of insurance." *Blake v. Progressive Northern Ins.*, No. 164-9-15 Oecv, 2016 WL 1167746, at *2 (Vt. Super. Ct. Feb. 04, 2016) (Tomasi, J.); to the same effect, see *Mountainside Condominium v. Jamieson Risk Service*, No. 88-2-20 Wncv, 2024 WL 4172976, at *2 (Vt. Super. Ct. June 24, 2024) (Tomasi, J.); *Vermont Mut. Ins. v. Bradley*, No. 314-9-20 Wncv, 2021 WL 4303970, at *4 (Vt. Super. Ct. Jan. 11, 2021) (Bent, J.); *Johnson v. Smith Bros. Ins.*, No. 1062-12-18 Cncv, 2020 WL 5875652, at *2 (Vt. Super. Ct. Feb. 18, 2020) (Toor, J.); *Stinson v. Union Mut. Fire Ins. Co.*, No. 103-7-18 Oecv, 2019 WL 13061475, at *4 (Vt. Super. Ct. Apr. 01, 2019) (Harris, J.); *Bertelson v. Union Mut. Fire Ins. Co.*, No. 834-04 Cncv, 2004 WL 7325433, at *2 (Vt. Super. Ct. Nov. 22, 2004) (Norton, J.). The court is persuaded by these decisions; Frankenmuth's argument to the contrary brings nothing new to the table.

## Order

For the foregoing reasons, Sunset Farm's motion to amend is Granted. (motion #2). Frankenmuth's motion to dismiss is Denied. (motion #1). Frankenmuth's motion to extend filing deadlines is moot as it has already filed responses to the Plaintiff's motions. (motion #3).

Dated November 12, 2025.

Electronically signed pursuant to V.R.E.F. 9(d).

Kerry A. McDonald-Cady, Superior Court Judge

Vermont Superior Court
Filed 11/13/25
Windsor Unit